UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| KEVIN LEE HUGHBANKS,<br><br>Plaintiff,<br><br>vs.<br><br>BRENT FLUKE, Warden, Mike Durfee State Prison, in his individual and official capacity; REBECCA SCHIEFFER, Associate Warden of Operations and Administrative Remedy Coordinator, Mike Durfee State Prison, in her individual and official capacity; ALEJANDRO REYES, Associate Warden of Programs and Americans with Disabilities Act Coordinator, Mike Durfee State Prison, in his individual and official capacity; LAINE SCHRYVERS, Former Ludeman and West Crawford Unit Manager, Mike Durfee State Prison, in their individual capacity; TAMMY DOYLE, Barracks Unit Manager, Mike Durfee State Prison, in her individual and official capacity; SECRETARY SOUTH DAKOTA DEPARTMENT OF HEALTH, Cabinet Secretary, in their individual and official capacity; DIRECTOR CORRECTIONAL HEALTH SERVICES, Director, All SD DOC Locations, in their individual and official capacity; CHS JANE DOE, Nurse, Mike Durfee State Prison, in her individual and official capacity; MARY CARPENTER, Medical Director, All SD DOC locations, in her individual and official capacity; STEPHANIE HAMILTON, Nurse, Mike Durfee State Prison, in her individual and official capacity; MIKE LEIDHOLT, | 4:21-CV-04167-KES<br><br><br>ORDER DENYING SUMMIT FOOD SERVICE AND KIM HALVERSON'S MOTION FOR PROTECTIVE ORDER AND TO STAY DISCOVERY AND GRANTING THE STATE DEFENDANTS' MOTION TO STAY DISCOVERY |

1

Former Secretary of Corrections, All SD DOC Locations, in his individual capacity; TIM REISCH, Former Interim Secretary of Corrections, All SD DOC Locations, in his individual capacity; CHS JANE DOE, Nurse, South Dakota State Penitentiary, in her individual and official capacity; SAM BADURE, Unit Manager and SDSP Prison Rape Elimination Act Coordinator, South Dakota State Penitentiary, in his individual and official capacity; CODY HANSON, Former Case Manager and Current Unit Manager, South Dakota State Penitentiary, in his individual and official capacity; MELISSA MATURAN, SDSP Administrative Remedy Coordinator, South Dakota State Penitentiary, in her individual and official capacity; TAMMY TOP, Former Physician's Assistant, South Dakota State Penitentiary, in her individual and official capacity; JESSICA SCHRUER, South Dakota State Penitentiary, in her individual and official capacity; "X" SALOUM, Doctor of Medicine, Employed though Department of Health, South Dakota State Penitentiary, in his/her individual and official capacity; DARIN YOUNG, Former Chief Warden and Director of Operations, South Dakota State Penitentiary, in his individual capacity; JENNIFER DREISKE, Former Deputy Warden, South Dakota State Penitentiary, in her individual capacity; CHARISSA WAREMBOURG, Mailroom Officer, Mike Durfee State Prison, in her individual and official capacity; CHUCK GILCHRIST, Sex Offender Management Program Counselor/Therapist, Mike Durfee State Prison, in his individual and official capacity, a/k/a Charles Gilchrist; BRENNA CARLSON, Sex Offender Management Program Director, All SD DOC Facilities, in her

individual and official capacity; MARK STOEBNER, Former Sex Offender Management Program Counselor/Therapist, Mike Durfee State Prison, in his individual and official capacity; JAMES HENRY, Corporal and Supervisor of Laundry, Mike Durfee State Prison, in his individual and official capacity; GLOBAL TEL LINK CORPORATION, All South Dakota Department of Corrections Facilities, in its individual and official capacity; SUMMIT FOOD SERVICE, LLC; Mike Durfee State Prison, in its individual and official capacity; UNKNOWN CORRECTIONAL HEALTH SERVICES EMPLOYEES, Unknown Positions, Mike Durfee State Prison, in their individual and official capacities; SOMP JOHN DOE, Unknown Contractor for Sex Offender Management Program, Mike Durfee State Prison, in his individual and official capacity; TIFFANY VOIGT, Unit Coordinator, Mike Durfee State Prison, in her individual and official capacity; DOUG CLARK, Deputy Secretary of Corrections, Former Interim Secretary of Corrections and Former Executive Director of South Dakota Board of Pardons and Paroles, in his individual and official capacity; DAN SULLIVAN, Warden of South Dakota State Penitentiary, in his official capacity; KELLIE WASKO, Cabinet Secretary South Dakota Department of Corrections, All SD DOC Locations, in their official capacity; GORDON SWANSON, Parole Board Member, All SD DOC Facilities, in his individual and official capacity; KENNETH ALBERS, Parole Board Member and Former Sheriff, All SD DOC Facilities, in his individual and official capacity; MARK SMITH, Parole Board Member, All SD DOC Facilities, in his individual and

|  |  |
|---|---|
| official capacity; MYRON RAU, Parole Board Member, All SD DOC Facilities, in his individual and official capacity; PAIGE WILBUR BOCK, Parole Board Member, All SD DOC Facilities, in her individual and official capacity; DAVE NELSON, Parole Board Member and Former Prosecutor, All SD DOC Facilities, in his individual and official capacity; KEVIN KRULL, Parole Board Member, All SD DOC Facilities, in his individual and official capacity; ANNE HAJEK, Parole Board Member, All SD DOC Facilities, in her individual and official capacity; ED LIGTENBERG, Parole Board Member and Former Executive Director of South Dakota Board of Pardons and Paroles, All SD DOC Facilities, in his individual and official capacity; GREGG GASS, Parole Board Member, All SD DOC Facilities, in his individual and official capacity; JODY JESSEN, Correctional Officer, Mike Durfee State Prison, in his/her individual and official capacity; ED LOEWE, Lieutenant of Special Investigative Unit, Mike Durfee State Prison, in his individual and official capacity; KIM HALVERSON, Summit Food Service, LLC, Director at Mike Durfee State Prison, in their individual and official capacity; and JARROD "X", Former Summit Food Service, LLC, Director at Mike Durfee State Prison, in his individual capacity,<br><br>　　　　　　Defendants. |  |

Plaintiff, Kevin Lee Hughbanks, filed a pro se lawsuit under 42 U.S.C. § 1983. Dockets 5, 20. Hughbanks alleges that his conditions of confinement at Mike Durfee State Prison (MDSP) violate his constitutional rights. Hughbanks

4

has named as defendants current and former employees of the South Dakota Department of Corrections and Department of Health (State defendants), Summit Food Service and its current and former employees, and Global Tel Link Corporation. Docket 20 at 1-10. Summit Food Service and Kim Halverson move for a protective order pursuant to Federal Rule of Civil Procedure 26 providing that they do not need to respond to written discovery requests from Hughbanks dated May 4, 2022. Docket 54. Summit Food Service and Halverson also move to stay discovery until the court has ruled on dispositive motions they plan to file. *Id.* Hughbanks has not responded to these defendants' motion.

The State defendants move to stay discovery pending resolution of their forthcoming motion for summary judgment on qualified immunity. Docket 77. Hughbanks has not responded to the State defendants' motion.

For the reasons set forth below, the court denies Summit Food Service and Halverson's motion and grants the State defendants' motion.

## I.  Summit Food Service and Halverson's Motion for Protective Order and to Stay Discovery

Summit Food Service contracts with the Department of Corrections to provide food service to inmates at MDSP. Docket 55 at 1. In his complaint, Hughbanks alleges that Summit Food Service has violated his Eighth Amendment right to be free from cruel and unusual punishment by contributing to unsanitary conditions in the dietary building and serving food that does not meet the daily nutritional guidance recommended by the Department of Agriculture. Docket 5 at 25-26, 28-29, 33-35, 65-68.

Hughbanks's claim against Summit Food Service survived screening under 28 U.S.C. § 1915A. Docket 11 at 28-30, 40. In his amended complaint, Hughbanks added individual and official capacity claims against Kim Halverson, Summit Food Service Director at MDSP. Docket 20 at 9-10. Summit Food Service and Halverson answered the amended complaint. Docket 49. Summit Food Service and Halverson move for a protective order providing that they do not need to respond to written discovery requests from Hughbanks and move to stay discovery until the court has ruled on dispositive motions they plan to file. Docket 54.

Summit Food Service and Halverson argue that the court should grant their motion for two reasons. First, these defendants contend that Hughbanks should not be permitted to conduct "discovery on a claim that is facially defective and fails to allege facts warranting protection under the Eighth Amendment." Docket 55 at 7. Second, these defendants argue that "[a] protective order and stay of discovery is appropriate, if not necessary, based on the qualified immunity defenses that prison officials have raised in response to the same claims or counts[.]" Docket 55 at 4.

Hughbanks's Eighth Amendment claim against Summit Food Service survived screening under 28 U.S.C. § 1915A, and Summit Food Service answered the amended complaint instead of filing a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Docket 49. Summit Food Service, in essence, requests that the court reconsider its screening order. The court is not

so inclined. Summit Food Service's argument that Hughbanks's claim lacks merit is not a reason to grant a protective order or to stay discovery.

But because Halverson was not a defendant when the court screened the complaint under 28 U.S.C. § 1915A, the court will consider whether the amended complaint states a claim against Halverson upon which relief may be granted. In the amended complaint, Hughbanks brings individual and official capacity claims against Halverson for unsanitary conditions in the dietary building and inadequate nutrition that violate his Eighth Amendment right to be free from cruel and unusual punishment. Docket 20 at 9-10, 29-25, 38-41, 73-77. Because the complaint included the same conditions of confinement claims against Summit Food Service, which the court determined survive § 1915A screening (Docket 11 at 28-30), the only issue is whether Hughbanks has pleaded that Halverson's own individual actions have violated the Constitution. "Because vicarious liability is inapplicable . . . to § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). To state a claim upon which relief can be granted, Hughbanks's individual capacity claims against Halverson must allege that she either participated in the unconstitutional conduct or caused the conduct to occur through a failure to train or supervise an offending officer. *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010).

The amended complaint alleges that Halverson participated in the conduct giving rise to the allegedly unsanitary conditions and inadequate

7

nutrition. Docket 20 at 31, 35, 40, 73, 75, 76. At this stage of the proceedings, the court must assume as true all facts well pleaded in the amended complaint. *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 36 (8th Cir. 1995). Further, pro se and civil rights complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted) *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004) (citation omitted). Because the amended complaint states a claim upon relief can be granted against Halverson, the court disagrees that Hughbanks seeks to conduct discovery on a facially invalid claim.

Summit Food Service and Halverson did not raise qualified immunity as an affirmative defense in their answer. *See* Docket 49 ¶¶ 6-14. In their motion for protective order and motion to stay discovery, they do not contend that qualified immunity is a defense to Hughbanks's claims against them. *See* Docket 55. While the State defendants have asserted qualified immunity as a defense, Docket 77, Summit Food Service and Halverson cite no authority to support their argument that they are entitled to a protective order and stay of discovery because other defendants have raised the defense in response to Hughbanks's Eighth Amendment claims arising out of alleged unsanitary conditions in the dietary building and nutritionally inadequate meals. Further, a ruling by the court that Hughbanks's Eighth Amendment claims against the State defendants are barred by the doctrine of qualified immunity will not dispose of Hughbanks's claims against Summit Food Service and Halverson.

While Summit Food Service and Halverson correctly note that qualified immunity protects prison officials from litigation and is intended to protect government officials from the burdens of broad discovery, Summit Food Service and Halverson are not prison or government officials and have not asserted that they are entitled to qualified immunity. *See* Docket 55. For these reasons, their reliance on decisions from this court staying discovery until the question of qualified immunity is resolved is misplaced.

Summit Food Service and Halverson note that this court stayed discovery in Hughbanks's previous lawsuit to allow for ruling on dispositive motions. In *Hughbanks v. Dooley,* No. 4:10-CV-04064-KES, 2011 WL 3502484, at *1, 2011 U.S. Dist. LEXIS 89189, at *2-3 (D.S.D. Aug. 10, 2011), the court granted the defendants' request for a stay of discovery pending resolution of the defendants' motion for summary judgment. But these defendants had raised qualified immunity as an affirmative defense and in fact had a pending motion for summary judgment asserting a qualified immunity defense. *Id.* In this case, Summit Food Service and Halverson have not raised qualified immunity as a defense. Dockets 49, 55. Similarly, in *Gard v. Kaemingk*, No. 4:13-CV-04062-LLP, 2014 WL 4092776, at *4, 2014 U.S. Dist. LEXIS 114113, at *9-10 (D.S.D. Aug. 18, 2014), because all of the defendants had asserted that Gard's claim were subject to a qualified immunity defense, the court granted the defendants' motion to stay discovery.  In *Smith v. Woodward*, No. 4:10-CV-04053-KES, 2010 WL 3937139, at *1, 2010 U.S. Dist. LEXIS 106437, at *3-4 (D.S.D. Oct. 4, 2010), the defendants, all of whom had raised qualified immunity as a defense

9

to Smith's claims, moved to stay discovery until the issue of qualified immunity was resolved. Although Smith opposed a stay of discovery, the court granted the defendants' motion to stay. *Id.*

For all of these reasons, Summit Food Service and Halverson's motion for protective order and to stay discovery (Docket 54) is denied. Pursuant to Federal Rule of Civil Procedure 34, Summit Food Service shall respond to the requests for production of documents, dated May 4, 2022 (Docket 53-1, Ex. A), within 30 days of the filing of this order. Pursuant to Federal Rule of Civil Procedure 33, Kim Halverson shall respond to the interrogatories, dated May 4, 2022 (Docket 53-1, Ex. B), within 30 days of the filing of this order.

## II.   State Defendants' Motion to Stay Discovery

The State defendants move to stay discovery pending resolution of a motion for summary judgment on qualified immunity, which is forthcoming. Docket 77. "Qualified immunity is an immunity from suit, not simply from liability[,]" and protects governmental officials from discovery. *Janis v. Biesheuvel*, 428 F.3d 795, 800 (8th Cir. 2005) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). "Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." *Mitchell*, 472 U.S. at 526 (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Because the State defendants have alleged that they are entitled to qualified immunity, *see* Docket 50 at 11, their motion to stay discovery (Docket 77) pending resolution of the qualified immunity issue is granted.

Thus, it is ORDERED:

1. That Summit Food Service and Halverson's motion for protective order and to stay discovery (Docket 54) is denied. Summit Food Service must respond to the requests for production of documents, dated May 4, 2022 (Docket 53-1, Ex. A), within 30 days of the filing of this order. Kim Halverson shall respond to the interrogatories, dated May 4, 2022 (Docket 53-1, Ex. B), within 30 days of the filing of this order.

2. That the State defendants' motion to stay discovery (Docket 77) is granted, and the State defendants must file their motion for summary judgment within 60 days of the filing of this order.

Dated February 10, 2023.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE
