UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| KEVIN LEE HUGHBANKS, | 4:21-CV-04167-KES |
| Plaintiff, | |
| vs. | |
| BRENT FLUKE, Warden, Mike Durfee State Prison, in his individual and official capacity; REBECCA SCHIEFFER, Associate Warden of Operations and Administrative Remedy Coordinator, Mike Durfee State Prison, in her individual and official capacity; ALEJANDRO REYES, Associate Warden of Programs and Americans with Disabilities Act Coordinator, Mike Durfee State Prison, in his individual and official capacity; LAINE SCHRYVERS, Former Ludeman and West Crawford Unit Manager, Mike Durfee State Prison, in their individual capacity; TAMMY DOYLE, Barracks Unit Manager, Mike Durfee State Prison, in her individual and official capacity; SECRETARY SOUTH DAKOTA DEPARTMENT OF HEALTH, Cabinet Secretary, in their individual and official capacity; DIRECTOR CORRECTIONAL HEALTH SERVICES, Director, All SD DOC Locations, in their individual and official capacity; CHS JANE DOE, Nurse, Mike Durfee State Prison, in her individual and official capacity; MARY CARPENTER, Medical Director, All SD DOC locations, in her individual and official capacity; STEPHANIE HAMILTON, Nurse, Mike Durfee State Prison, in her individual and official capacity; MIKE LEIDHOLT, | ORDER ON PLAINTIFF'S PENDING MOTIONS |

1

Former Secretary of Corrections, All SD
DOC Locations, in his individual
capacity; TIM REISCH, Former Interim
Secretary of Corrections, All SD DOC
Locations, in his individual capacity;
CHS JANE DOE, Nurse, South Dakota
State Penitentiary, in her individual and
official capacity; SAM BADURE, Unit
Manager and SDSP Prison Rape
Elimination Act Coordinator, South
Dakota State Penitentiary, in his
individual and official capacity; CODY
HANSON, Former Case Manager and
Current Unit Manager, South Dakota
State Penitentiary, in his individual and
official capacity; MELISSA MATURAN,
SDSP Administrative Remedy
Coordinator, South Dakota State
Penitentiary, in her individual and
official capacity; TAMMY TOP, Former
Physician's Assistant, South Dakota
State Penitentiary, in her individual and
official capacity; JESSICA SCHRUER,
South Dakota State Penitentiary, in her
individual and official capacity; "X"
SALOUM, Doctor of Medicine, Employed
though Department of Health, South
Dakota State Penitentiary, in his/her
individual and official capacity; DARIN
YOUNG, Former Chief Warden and
Director of Operations, South Dakota
State Penitentiary, in his individual
capacity; JENNIFER DREISKE, Former
Deputy Warden, South Dakota State
Penitentiary, in her individual capacity;
CHARISSA WAREMBOURG, Mailroom
Officer, Mike Durfee State Prison, in her
individual and official capacity; CHUCK
GILCHRIST, Sex Offender Management
Program Counselor/Therapist, Mike
Durfee State Prison, in his individual
and official capacity, a/k/a Charles
Gilchrist; BRENNA CARLSON, Sex
Offender Management Program
Director, All SD DOC Facilities, in her

individual and official capacity; MARK
STOEBNER, Former Sex Offender
Management Program
Counselor/Therapist, Mike Durfee State
Prison, in his individual and official
capacity; JAMES HENRY, Corporal and
Supervisor of Laundry, Mike Durfee
State Prison, in his individual and
official capacity; GLOBAL TEL LINK
CORPORATION, All South Dakota
Department of Corrections Facilities, in
its individual and official capacity;
SUMMIT FOOD SERVICE, LLC; Mike
Durfee State Prison, in its individual
and official capacity; UNKNOWN
CORRECTIONAL HEALTH SERVICES
EMPLOYEES, Unknown Positions, Mike
Durfee State Prison, in their individual
and official capacities; SOMP JOHN
DOE, Unknown Contractor for Sex
Offender Management Program, Mike
Durfee State Prison, in his individual
and official capacity; TIFFANY VOIGT,
Unit Coordinator, Mike Durfee State
Prison, in her individual and official
capacity; DOUG CLARK, Deputy
Secretary of Corrections, Former
Interim Secretary of Corrections and
Former Executive Director of South
Dakota Board of Pardons and Paroles,
in his individual and official capacity;
DAN SULLIVAN, Warden of South
Dakota State Penitentiary, in his official
capacity; KELLIE WASKO, Cabinet
Secretary South Dakota Department of
Corrections, All SD DOC Locations, in
their official capacity; GORDON
SWANSON, Parole Board Member, All
SD DOC Facilities, in his individual and
official capacity; KENNETH ALBERS,
Parole Board Member and Former
Sheriff, All SD DOC Facilities, in his
individual and official capacity; MARK
SMITH, Parole Board Member, All SD
DOC Facilities, in his individual and

official capacity; MYRON RAU, Parole
Board Member, All SD DOC Facilities,
in his individual and official capacity;
PAIGE WILBUR BOCK, Parole Board
Member, All SD DOC Facilities, in her
individual and official capacity; DAVE
NELSON, Parole Board Member and
Former Prosecutor, All SD DOC
Facilities, in his individual and official
capacity; KEVIN KRULL, Parole Board
Member, All SD DOC Facilities, in his
individual and official capacity; ANNE
HAJEK, Parole Board Member, All SD
DOC Facilities, in her individual and
official capacity; ED LIGTENBERG,
Parole Board Member and Former
Executive Director of South Dakota
Board of Pardons and Paroles, All SD
DOC Facilities, in his individual and
official capacity; GREGG GASS, Parole
Board Member, All SD DOC Facilities,
in his individual and official capacity;
JODY JESSEN, Correctional Officer,
Mike Durfee State Prison, in his/her
individual and official capacity; ED
LOEWE, Lieutenant of Special
Investigative Unit, Mike Durfee State
Prison, in his individual and official
capacity; KIM HALVERSON, Summit
Food Service, LLC, Director at Mike
Durfee State Prison, in their individual
and official capacity; and JARROD "X",
Former Summit Food Service, LLC,
Director at Mike Durfee State Prison, in
his individual capacity,

                    Defendants.

Plaintiff, Kevin Lee Hughbanks, filed a pro se lawsuit under 42 U.S.C.

§ 1983. Dockets 5, 20. Hughbanks alleges that his conditions of confinement at

Mike Durfee State Prison (MDSP) violate his constitutional rights. Hughbanks

has named as defendants current and former employees of the South Dakota Department of Corrections and Department of Health (State defendants), Summit Food Service and its current and former employees, and Global Tel Link Corporation. Docket 20 at 1-10. Hughbanks alleges deliberate indifference to his serious medical needs, unsanitary conditions, and inadequate nutrition in violation of his Eighth Amendment right to be free from cruel and unusual punishment. He alleges lack of meaningful access to the courts in violation of his First Amendment rights. He challenges the inmate correspondence policy, contending it violates his First Amendment rights. He also challenges the Sex Offender Management Program policies, contending they violate his Fourteenth Amendment right to due process and his Fifth Amendment right to be free from self-incrimination.

Hughbanks has filed motions seeking assistance with service, substitution of parties, preliminary injunctive relief and additional miscellaneous relief. Below the court outlines additional factual and procedural background pertinent to the court's ruling on each of the pending motions.

## I.  Motions for Assistance with Service

### A.  Department of Corrections

After the amended complaint was filed, the clerk's office issued thirty-seven summonses and delivered the summonses, along with the amended complaint and the amended 1915A screening order, to the United States Marshal Service (USMS) in Sioux Falls for service. Docket 21. The USMS was unable to serve Jennifer Dreiske, Mike Leidholt, Tim Reisch, Laine Schryers,

5

Tammy Top, and Darin Young because they are no longer employed by the Department of Corrections. Docket 25. The USMS was also unable to serve the summonses issued to Ed Ligtenberg, Anne Hajek, Kevin Krull, Mark Smith, Paige Wilbur Bock, and Dave Nelson. Docket 40. Ligtenberg, Hajek, Krull, Smith, and Wilbur Bock are auxiliary members of the South Dakota Board of Pardons and Paroles and are not regularly at the address in the summonses. *Id.* at 4, 6, 7, 9, 10, 12, 13, 15, 16, 18. Nelson is no longer at the address in the summons. *Id.* at 19, 21. Hughbanks has filed motions for assistance with service. *See* Dockets 62, 80, 85, 95, 110.

Hughbanks has not filed a motion to extend the time for service, but the court construes his motion for a temporary restraining order (Docket 80) to include a request that the court find that there is good cause to extend the time for service. More than ninety days have elapsed since the amended complaint was filed, but the court finds that there is good cause for extending the time for service on the defendants who are no longer employed with the Department of Corrections and the auxiliary members of the South Dakota Board of Pardons and Paroles. Fed. R. Civ. P. 4(m) ("[I]f the plaintiff shows good cause . . . , the court must extend the time for service for an appropriate period."). After the summonses for Dreiske, Leidholt, Reisch, Schryers, Top, Young, Ligtenberg, Hajek, Krull, Smith, Wilbur Bock, and Nelson were returned unexecuted, Hughbanks diligently attempted to obtain these defendants' addresses. *See* Dockets 62, 80, 85, 95, 110. But he does not have internet access, and prison policy prohibits him from attempting to locate the addresses of the unserved

defendants. Docket 80 at 4. Hughbanks has been unable to locate addresses for the defendants who are no longer employed with the Department of Corrections or the auxiliary parole board members. Docket 110 at 1. The court extends the time for serving defendants Dreiske, Leidholt, Reisch, Schryers, Top, Young, Ligtenberg, Hajek, Krull, Smith, Wilbur Bock, and Nelson until March 28, 2023.

In his motion for names and service addresses (Docket 62), Hughbanks requests that counsel for the State defendants provide an address at which the summons and amended complaint can be served on defendants Ligtenberg, Hajek, Krull, Smith, and Wilbur Bock. Docket 62 at 3. The State defendants have not opposed Hughbanks's motion. In his motion for aid with service, Hughbanks requests that the USMS and the Clerk of Court assist him in locating addresses for the defendants who have not yet been served. Docket 110 at 1. The State defendants have not opposed this motion.

The court grants in part Hughbanks's motion for names and service addresses (Docket 62). The court orders counsel who has appeared on behalf of the State defendants to provide the last known addresses for defendants Ligtenberg, Hajek, Krull, Smith, and Wilbur Bock to the USMS for service by February 28, 2023. *See Cody v. Clark*, No. 4:22-CV-04010-KES, 2023 WL 112695, at *7, 2023 U.S. Dist. LEXIS 3380, at *19 (D.S.D. Jan. 5, 2023) (citing *Hansen v. S.D. Dep't of Corr.*, 4:19-CV-04019-KES, Docket 44 at 4)). The Clerk of Court is directed to redact these defendants' addresses from the returns of service before they are filed and to provide redacted copies to Hughbanks. *See,*

7

*e.g., Allen v. Siddiqui*, 2008 WL 2217363, at *1, 2008 U.S. Dist. LEXIS 41923, at *3-4 (W.D. Ky. May 27, 2008) (recognizing that when the USMS is directed to effect service the court can have the agency that previously employed the defendant file his last known address under seal); *Skinner v.* Beemer, 2007 WL 2982419, at *1, 2007 U.S. Dist. LEXIS 75531, at *2 (E.D. Mich. Oct. 11, 2007) ("Although the Court is disinclined to provide Defendant['s] . . . home address to the Plaintiff, it would be appropriate to direct [his former employer] to provide his last known address to the Court *in camera*, subject to a protective order that it will not be provided to the Plaintiff himself."); *Kowalski v. Stewart*, 220 F.R.D. 599, 600 (D. Ariz. 2004) (stating that releasing a former correctional officer's personal information to an inmate would jeopardize his personal safety). In addition to requesting that the court order counsel who has appeared on behalf of the State defendants to provide the last known addresses for auxiliary members of the South Dakota Board of Pardons and Paroles, Hughbanks requests that the court order the State defendants' counsel to provide additional information regarding the South Dakota Board of Pardons and Paroles. Docket 62 at 3. To the extent Hughbanks seeks information other than the last known addresses for defendants Ligtenberg, Hajek, Krull, Smith, and Wilbur Bock, his motion is denied.

The court denies Hughbanks's motion requesting that the USMS and the Clerk of Court assist him in locating addresses for the unserved defendants. Docket 110. Instead, the court orders that counsel for the State defendants provide the last known addresses for defendants Dreiske, Leidholt, Reisch,

Schryers, Top, Young, and Nelson to the USMS for service by February 28, 2023. The Clerk of Court is directed to redact these defendants' addresses from the returns of service before they are filed and to provide redacted copies to Hughbanks.

### B. "X" Saloum

The amended complaint includes as a defendant "X" Saloum, a doctor of medicine employed through the Department of Health, in his individual and official capacity. Docket 20 at 5. The summons to "X" Saloum was returned unserved because "X" Saloum is an unknown person. Docket 40 at 1, 3. When the State defendants answered the amended complaint, the answer clarified that Dr. Herbert Saloum is deceased. Docket 50 at 4, n.3. Hughbanks moves to substitute the estate or personal representative of Dr. Herbert Saloum as a defendant for the claims against "X" Saloum in his individual capacity and Dr. Saloum's successor for the claim against "X" Saloum in his official capacity. Docket 62 at 2. The State defendants have not objected to Hughbanks's motion to substitute.

Federal Rule of Civil Procedure 25(a)(1) provides that "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party." Because the Civil Rights Act "does not deal expressly with the question of survivorship[,]" federal courts look to state law in determining whether § 1983 claims against an official in his individual capacity survive the death of the defendant. *Pritchard v. Smith*, 289 F.2d 153, 155-59 (8th Cir. 1961) (citing 42 U.S.C. § 1988). In *Moor v. County of Alameda*, 411 U.S. 693, 702 n.14

(1973), the Supreme Court cited *Pritchard* with approval and recognized that "pursuant to § 1988 state survivorship statutes which reverse the common-law rule may be used in the context of actions brought under § 1983." Under South Dakota law, a cause of action survives notwithstanding the death of the defendant. "All causes of action shall survive and be brought, notwithstanding the death of the person entitled or liable to the same. Any such action may be brought by or against the personal representative or successors in interest of the deceased." SDCL § 15-4-1.  Because Hughbanks's § 1983 claim against "X" Saloum in his individual capacity was not extinguished upon Dr. Saloum's death, Hughbanks's motion to substitute the personal representative of Dr. Saloum's estate as a defendant for his claim against "X" Saloum is granted. *See* SDCL § 29A-3-703(c) ("[A] personal representative . . . has the same standing to sue and be sued in the courts of this state and the courts of any other jurisdiction as the decedent had immediately prior to death.").

Hughbanks seeks injunctive relief from "X" Saloum in his official capacity through the issuance of an apology letter for the physical, emotional and mental trauma, and pain Hughbanks alleges he has experienced due to the deliberate indifference to his serious medical needs. Docket 20 at 21. The injunctive relief Hughbanks seeks against "X" Saloum in his official capacity is not a cognizable form of relief in a § 1983 action. "An apology for past wrongdoing is not prospective injunctive relief and is not the type of relief that is cognizable in a § 1983 action against a state official in his official capacity." *Kesterson v. Kent State Univ.*, 345 F. Supp. 3d 855, 886 (N.D. Ohio 2018).

10

Hughbanks's claim against "X" Saloum in his official capacity is dismissed without prejudice and his motion to substitute Dr. Saloum's successor as the defendant for his official capacity claim against "X" Saloum is denied.

Hughbanks requests that the USMS and the Clerk of Court assist him in locating the address for the personal representative of the estate of Dr. Saloum. Docket 110. The court denies this request but orders that counsel for the State defendants provide the last known address for the personal representative of the estate of Dr. Saloum to the USMS for service by February 28, 2023. The Clerk of Courts is directed to redact the address from the return of service before it is filed and to provide a redacted copy to Hughbanks.

**C**.   **Jarrod "X"**

In his amended complaint, Hughbanks named Jarrod "X", the former Summit Food Service director at Mike Durfee State Prison as an additional defendant. Docket 20 at 10. Counsel for Summit Food Service entered an appearance and identified Jarrod "X" as Jarrod Anderson. Docket 34. But the summons issued to Jarrod Anderson was returned unexecuted because Anderson is no longer at the address in the summons. Docket 40 at 22, 24. Hughbanks requests that counsel for Summit Food Service provide an address at which the summons and amended complaint can be served on Jarrod Anderson. Docket 62 at 3. Summit Food Service objects to Hughbanks's motion, arguing that the allegations in the amended complaint fail to state a plausible claim for relief against Anderson. Docket 64 at 2. Because Anderson was not a defendant when the court screened the complaint under 28 U.S.C.

11

§ 1915A, the court will consider whether the amended complaint states a claim against Anderson upon which relief may be granted.

In the amended complaint, Hughbanks brings claims against Anderson in his individual capacity for unsanitary conditions in the dietary building at MDSP and inadequate nutrition that violate his Eighth Amendment right to be free from cruel and usual punishment. Docket 20 at 10, 29-35, 38-41, 73-77. The complaint (Docket 5 at 25-26, 29, 33-35, 65-68) included the same conditions of confinement claims against Summit Food Service, which the court determined survive § 1915A screening. Docket 11 at 28-30. "Because vicarious liability is inapplicable  . . . to § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). To state a claim upon which relief can be granted, Hughbanks's individual capacity claims against Anderson must allege that he either participated in the unconstitutional conduct or caused the conduct to occur through a failure to train or supervise an offending officer. *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010).

The amended complaint alleges that Anderson participated in the conduct giving rise to the allegedly unsanitary conditions and inadequate nutrition. Docket 20 at 31, 35, 40, 73, 76. At this stage of the proceedings, the court must assume as true all facts well pleaded in the amended complaint. *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 36 (8th Cir. 1995). Further, pro se and civil rights complaints must be liberally construed. *Erickson v. Pardus*, 551

12

U.S. 89, 94 (2007) (per curiam) (citation omitted); *Bediako v. Stein Mart, Inc.*,
354 F.3d 835, 839 (8th Cir. 2004) (citation omitted). The court finds that the
amended complaint states a claim upon relief can be granted against Anderson
and orders that the caption in future filings shall identify defendant Jarrod "X"
as Jarrod Anderson, former Summit Food Service Director at Mike Durfee State
Prison, in his individual capacity.

For the same reasons that the court finds that there is good cause for
extending the time for service on the defendants who are no longer employed
with the Department of Corrections, the court finds that there is good cause for
extending the time for service on Anderson, who is no longer employed with
Summit Food Service. The court extends the time for serving Anderson until
March 28, 2023. The court grants in part Hughbanks's motion for names and
service addresses (Docket 62) and orders counsel who has appeared on behalf
of Summit Food Service and Anderson to provide to the USMS the last known
address for Anderson by February 28, 2023. The Clerk of Court is directed to
redact Anderson's address from the return of service before it is filed and to
provide a redacted copy to Hughbanks.

### D.   Additional Requests for Relief to Related to Service of Process

Hughbanks moves for a temporary restraining order restraining
"Defendants Wasko, Fluke, Stoebner, Loewe, Voigt and their officers and
agents, from refusing to allow Plaintiff to use a computer with internet
capabilities for fourteen days." Docket 80 at 2. Hughbanks contends that he
will be irreparably harmed if he is not provided means to locate the addresses

of the defendants who are no longer employed with the Department of
Corrections and Summit Food Service so that he can perfect service. *Id.* at 2-5.
Hughbanks's motion for temporary restraining order (Docket 80) is denied as
moot. Similarly, Hughbanks's motion for a private investigator to assist with
service (Docket 85) is denied as moot. Finally, the court liberally construes
Hughbanks's September 21, 2022, letter to the Clerk of Court (Docket 95) as a
motion for substituted service by publication, which is denied as moot.

## II.   Motion for Appointment of Counsel and Preliminary Injunctive Relief

### A.   Motions for Appointment of Counsel

Hughbanks moves for appointment of counsel. Dockets 41, 65. "A pro se
litigant has no statutory or constitutional right to have counsel appointed in a
civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). The court
"may request an attorney to represent any person unable to afford counsel." 28
U.S.C. § 1915(e)(1). When determining whether to appoint counsel to a pro se
litigant, the court considers the "factual complexity of the case, the ability of
the indigent to investigate the facts, the existence of conflicting testimony, the
ability of the indigent to present his claim and the complexity of the legal
issues." *Abdullah v. Gunter*, 949 F.2d 1032, 1035 (8th Cir. 1991) (citation
omitted). Hughbanks's claims do not appear to be factually or legally complex,
and his filings, including the complaint (Docket 5) and the amended complaint
(Docket 20), clearly set forth his claims. Because the court believes that
Hughbanks can adequately present his claims at this time, his motions for
appointment of counsel (Dockets 41, 65) are denied.

**B.     Motions for Preliminary Injunctive Relief**

Hughbanks seeks a preliminary injunctive order requiring defendant Fluke to provide him a laptop computer, without internet access or wi-fi capability, or desktop computer to use in his cell to type legal documents. Dockets 41, 46, 65. He contends that using a specialized laptop or desktop computer in his cell would not pose a security threat and would protect his right of access to the courts. Docket 46 at 2-3; Docket 65 at 3. Defendants oppose Hughbanks's motions and contend that inmates are not permitted to have computers in their cells due to security concerns. Docket 92 at 3. According to defendants, MDSP has protocols in place to protect Hughbanks's right of access to the courts without providing him a laptop or desktop computer. *Id.* at 3-5, 7.

 A preliminary injunction is an "extraordinary and drastic remedy[.]" *Munoz v. Geren*, 553 U.S. 674, 689 (2008) (internal quotation omitted). Hughbanks, the party seeking preliminary relief, bears the burden of establishing the elements necessary for relief. *Watkins, Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003) (citation omitted). Whether a preliminary injunction should issue is decided by weighing the four *Dataphase* factors: (1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on the other parties; (3) the probability that the movant will succeed on the merits; and (4) the public interest. *Dataphase Sys. v. C.L. Sys.*, 640 F.2d 109, 114 (8th Cir. 1981). In a prison setting, a request for a preliminary injunction "must always be viewed

15

with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995) (internal quotation omitted).

Since *Dataphase*, the Eighth Circuit has "observed that the 'likelihood of success on the merits is the most significant.' " *Barrett v. Claycomb*, 705 F.3d 315, 320 (8th Cir. 2013) (quoting *S.J.W. ex rel. Wilson v. Lee's Summit R-7 Sch. Dist.*, 696 F.3d 771, 776 (8th Cir. 2012)). But the Eighth Circuit has also held that "failure to show irreparable harm is, by itself, a sufficient ground upon which to deny a preliminary injunction[.]" *Adam-Mellang v. Apartment Search, Inc.*, 96 F.3d 297, 299 (8th Cir. 1996) (quoting *Gelco Corp. v. Coniston Partners*, 811 F.2d 414, 418 (8th Cir. 1987)). "To demonstrate irreparable harm, a plaintiff must show that the harm is 'certain, great and of such imminence that there is a clear and present need for equitable relief.' " *Gard v. Dooley*, 2014 WL 4243586, at *1, 2014 U.S. Dist. LEXIS 118740, at *3 (D.S.D. Aug. 26, 2014) (quoting *Packard Elevator v. Interstate Com. Comm'n*, 782 F.2d 112, 115 (8th Cir. 1986)). A "plaintiff must make a showing of actual, substantial harm resulting from the alleged infringement." *Id.* (quoting *Travelers Express Co. v. Transaction Tracking Techs., Inc.*, 305 F. Supp. 2d 1090, 1095 (D. Minn. 2003)). "[F]or an injunction to issue 'a right must be violated' and . . . 'the court must determine' whether 'a cognizable danger of future violation exists and that danger must be more than a mere possibility.' " *Goff*, 60 F.3d at 521 (quoting *Rogers*, 676 F.2d at 1214).

Typically, a preliminary injunction is "prohibitory" and "merely freezes the positions of the parties until the court can hear the case on the merits." *Heckler v. Lopez*, 463 U.S. 1328, 1333 (1983). In other words, a preliminary injunction is usually meant only to "preserve the relative positions of the parties until a trial on the merits can be held." *Ahmad v. City of St. Louis*, 995 F.3d 635, 641 (8th Cir. 2021) (quoting *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981)). Here, Hughbanks has not requested that the court preserve the status quo. Rather, Hughbanks seeks a mandatory injunction. Mandatory injunctions should be granted sparingly, *Heckler,* 463 U.S. at 1333-34 (citation omitted), and only if the movant has shown that "the balance of other factors tips decidedly toward the movant[.]" *United Indus. Corp. v. Clorox, Co.*, 140 F.3d 1175, 1179 (8th Cir. 1998) (internal quotation omitted).

In this case, Hughbanks is not likely to succeed on the merits of his claim that his First Amendment right of access to the courts has been violated because he is not permitted to have a laptop or desktop computer. Prisoners do not have a constitutional right to possess or use typewriters or computers. *See, e.g.*, *Am. Inmate Paralegal Assoc. v. Cline*, 859 F.2d 59, 61 (8th Cir. 1988) (per curiam) ("Prison inmates have no constitutional right of access to a typewriter[.]"); *Roberts v. Cohn*, 63 F. Supp. 2d 921, 924 (N.D. Ind. 1999) ("It is well established that prison inmates do not have a constitutional right to use or possess typewriters and word processors." (citations omitted)).

In his reply to the defendants' response to his motions for preliminary injunctive relief, Hughbanks argues that he could lose earned discharge credits

17

and "could also be fired from his job and terminated from programming" if he is not permitted to have a laptop or desktop computer in his cell. Docket 101 at 6-7. Because inmates are permitted to use the legal typing room only during specific times that overlap with his work and programming schedule, Hughbanks contends that he will be penalized if he misses work or programing to complete legal typing. *Id.* at 6-9. Defendants dispute that Hughbanks is penalized if he misses work to complete legal typing. Docket 93. Even if the court accepts Hughbanks's contention, however, his allegations are insufficient to establish irreparable harm. Hughbanks is not legally required to type his submissions to prosecute this case or any other claim challenging his conditions of confinement or attacking his sentence. Hughbanks's First Amendment right of access to the courts is "satisfied by providing basic materials, such as ink pens and paper, for the preparation of legal materials." *Roberts*, 63 F. Supp. 2d at 924-25 (citations omitted). In this case, Hughbanks submitted a handwritten response to defendants' response to his motions for preliminary injunctive relief (Docket 101) as well as other handwritten pleadings. Hughbanks's claimed harm is speculative. He has failed to meet his burden of proving harm that is "certain, great and of such imminence that there is a clear and present need for equitable relief." *Gard*, 2014 WL 4243586 at *1, 2014 U.S. Dist. LEXIS 118740, at *3 (quoting *Packard Elevator*, 782 F.2d at 115). *See Nicolaison v. Brown*, 2005 WL 8163346, at*1, 2005 U.S. Dist. LEXIS 54693, at *2-4 (D. Minn. Sept. 26, 2005) (denying motion for word

18

processor because the plaintiff could not demonstrate that he could not prosecute his § 1983 action without access to a word processor).

Finally, because of the security concerns posed by permitting inmates to have computers in their cells and the potential impact on prison administration, the court finds that the balance of harms does not weigh in favor of granting Hughbanks's request for preliminary injunctive relief. Hughbanks's motion for a preliminary injunctive order requiring defendant Fluke to provide him a laptop computer (Document 41) and supplemental motion for a desktop computer to use in his cell to type legal documents (Document 65) are denied.

### C.   Motion for Default Judgment

Hughbanks has filed a motion, pursuant to Federal Rule of Civil Procedure 55, for a default judgment in his favor on his motion and supplemental motion for preliminary injunctive relief. Docket 96. Hughbanks contends that defendants' responses to his motions were not timely because they were not served and filed within 21 calendar dates after service of the motions, as required by D.S.D. Civ. LR 7.1.B. Docket 112 at 2. Rule 55(a) requires the clerk to enter a default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend[.]" In this case, the Clerk declined to enter a default under Rule 55(a) of the Federal Rules of Civil Procedure because defendants timely filed responsive pleadings to the amended complaint. Docket 97.

Failing to timely respond to a motion is not a basis for entry of a default judgment for failing "to plead or otherwise defend." *See* Fed. R. Civ. P. 55(a). Entry of default for failure to plead or other defend is limited to the pleadings listed in Rule 7(a). 10A Charles A. Wright, Arthur R. Miller & Mary K. Kane, Fed. Prac. & Proc. Civ. § 2682 (4th ed. 2016). A motion for preliminary injunction is not one of the pleadings listed in Rule 7(a). Moreover, defendants' response to Hughbanks's motions were timely. The court ordered the Warden or other Department of Corrections officials to respond to Hughbanks's motions by September 23, 2022. Docket 87. In accordance with the court's order, defendants responded to the motions on September 23, 2022. Dockets 92, 93. Because defendants' response was timely, Hughbanks's motion for default judgment (Docket 96) is denied.

## III.   Additional Requests for Relief

### A.   Motion to Compel Answers

Hughbanks seeks an order compelling defendants to fully respond to the amended complaint. Docket 61[1]. As previously noted, all defendants timely filed responsive pleadings to the amended complaint. Docket 97. Hughbanks's motion to compel answers is denied.

### B.   Motion to Substitute

Hughbanks moves to substitute "Proper Parties[.]" Docket 62. Specifically, he moves to substitute Thomas Gilchrist in place of defendant

---

[1] In this motion, Hughbanks also requests addresses for defendants who have not been served which is the same relief Hughbanks requested in his motion for addresses (Docket 62).

"Chuck aka Charles Gilchrist", Joan Adam, in her individual and official capacity as the Secretary of the Department of Health and Director of Correctional Health Services in place of the unnamed Secretary and Director referenced in the amended complaint, and ViaPath in place of defendant Global Tel Link Corporation. *Id.*

### 1. Thomas Gilchrist

The answer filed on behalf of the State defendants correctly identifies defendant Chuck aka Charles Gilchrist as Thomas Gilchrist. Docket 50 at 3. Defendant Thomas Gilchrist admits that "he is a Sex Offender Management Program Counselor employed at the Mike Durfee State Prison." Docket 50 at 7. Therefore, the court will construe the motion to substitute as a motion to correct the caption, which is granted. The court orders that the caption in future filings identify defendant Gilchrist as "THOMAS GILCHRIST, Sex Offender Management Program Counselor/Therapist, Mike Durfee State Prison, in his individual and official capacity."

### 2. Joan Adam

In his amended complaint, Hughbanks named the Secretary of the South Dakota Department of Health and the Director of Correctional Health Services as additional defendants. Docket 20 at 2. When the State defendants answered the amended complaint, the answer identified Joan Adam as the Secretary of the Department of Health and Director of Correctional Health Services. Docket 50 at 3. Hughbanks moves to substitute as a defendant Joan Adam, in her individual and official capacity as the Secretary of the Department of Health

and Director of Correctional Health Services. The current Secretary of the Department of Health and Director of Correctional Health Services is Melissa Magstadt, who is automatically substituted for the official capacity claims. Fed. R. Civ. P. 25(d). Hughbanks's motion to substitute Joan Adam, in her individual capacity, is denied. Hughbanks executed the proposed amended complaint on March 3, 2022 (Docket 20), and the proposed amended complaint was filed, along with Hughbanks's motion to amend complaint, on March 11, 2022. But Adam did not become the Secretary of the Department of Health until March 29, 2022, after Hughbanks filed the proposed amended complaint. Joan Adam cannot be individually liable for any alleged violation of Hughbanks's constitutional rights that may have occurred before she became the Secretary of the Department of Health.

### 3. ViaPath

Hughbanks alleges that Global Tel Link Corporation (GTL) contracted with the Department of Corrections to provide LexisNexis on GTL tablet computers issued to inmates. Docket 5 at 62; Docket 20 at 70. Network outages, slow processing, and "flaws, errors, and bugs" in the system, according to Hughbanks, impede his ability to conduct legal research in violation of his right of access to the courts. Docket 5 at 62, Docket 20 at 70. In its corporate disclosure statement, GTL advised that "GTL recently changed its name to ViaPath Technologies[.]" Docket 57. Hughbanks moves to substitute ViaPath as a defendant in place of GTL. Docket 62. GTL does not oppose substituting ViaPath Technologies as the named defendant in place of GTL.

The court construes Hughbanks's motion as a motion to amend the caption, which is granted. The court orders that the caption in future filings identify defendant Global Tel Link Corporation as "Global Tel Link Corporation n/k/a ViaPath Technologies."

### C.    Partial Motion to Dismiss Amended Complaint

Hughbanks filed a motion to dismiss his claims for injunctive relief against Summit Food Service and Kim Halverson. Docket 94. The motion to dismiss was premised upon Hughbanks's understanding that Summit Food Services's contract to provide meals for inmates at MDSP had been terminated. *Id.* But Hughbanks has informed the court that his understanding was mistaken and moves to withdraw his partial motion to dismiss his claims for injunctive relief against Kim Halverson. Docket 100. Although Hughbanks did not specifically request to withdraw his motion to dismiss his claims for injunctive relief against Summit Food Service, the court will liberally construe his request. In his request, Hughbanks alleges that he was provided "false information about staff changes regarding meal/food service company[.]" *Id.* Summit Food Service is the meal/food service company, so the court interprets Hughbanks's request to include Summit Food Service. Hughbanks's request to withdraw his partial motion to dismiss (Docket 94) is granted, and the claims in the amended complaint for injunctive relief against Summit Food Service and Kim Halverson are not dismissed.

### D.    Motion to Seal

As further support for his motion for preliminary injunctive relief, Hughbanks submitted a letter to the court, dated October 3, 2022, which he requested be filed under seal to avoid "severe penalties" and to protect his Fifth Amendment right against self-incrimination. Docket 100-1. The court has reviewed Hughbanks's letter and does not find that its content will cause severe penalties to him or infringe upon his Fifth Amendment rights. The motion to seal (Docket 100) is denied.

Thus, it is ORDERED:

1. That there is good cause for extending the time for serving defendants Dreiske, Leidholt, Reisch, Schryers, Top, Young, Ligtenberg, Hajek, Krull, Smith, Wilbur Bock, Nelson, and Anderson. The time for serving these defendants is extended until March 28, 2023.

2. That Hughbanks's motion for names and service addresses (Docket 62) is granted in part and denied in part. Counsel who has appeared on behalf of the State defendants shall provide the last known addresses for defendants Ligtenberg, Hajek, Krull, Smith, Wilbur Bock, Dreiske, Leidholt, Reisch, Schryers, Top, Young, Nelson, and the personal representative of the Estate of Dr. Herbert Saloum to the USMS for service by February 28, 2023. Counsel who has appeared on behalf of Summit Food Service shall provide the last known address for defendant Jarrod Anderson to the USMS for service by February 28, 2023. The Clerk of Court shall redact these defendants'

24

addresses from the returns of service before they are filed and provide redacted copies to Hughbanks. To the extent Hughbanks seeks information other than the last known addresses for defendants Ligtenberg, Hajek, Krull, Smith, and Wilbur Bock, his motion for names and service addresses (Docket 62) is denied.

3. That the caption in future filings will identify defendant Jarrod "X" as Jarrod Anderson, former Summit Food Service Director at Mike Durfee State Prison, in his individual capacity.

4. That Hughbanks's motion requesting that the USMS and the Clerk of Court assist him in locating addresses for the unserved defendants (Docket 110) is denied.

5. That Hughbanks's motion for temporary restraining order (Docket 80), motion for a private investigator (Docket 85), and motion for substituted service by publication (Docket 95) are denied as moot.

6. That Hughbanks's motions for appointment of counsel (Dockets 41, 65) are denied.

7. That Hughbanks's motion for a preliminary injunctive order requiring defendant Fluke to provide him a laptop computer (Document 41) and supplemental motion for a desktop computer to use in his cell to type legal documents (Document 65) are denied.

8. That Hughbanks's motion for a default judgment (Docket 96) is denied.

9. That Hughbanks's motion to substitute (Docket 62) is granted in part and denied in part. Hughbanks's motion to substitute the personal representative of Dr. Saloum's estate as a defendant for his claim against "X" Saloum in his individual capacity is granted. Hughbanks's claim against "X" Saloum in his official capacity is dismissed without prejudice and his motion to substitute Dr. Saloum's successor as the defendant for his official capacity claim against "X" Saloum is denied. The caption in future filings will identify defendant "X" Saloum as the Personal Representative of the Estate of Dr. Herbert Saloum, deceased. Melissa Magstadt is substituted for Hughbanks's official capacity claims against the Secretary of the Department of Health and Director of Correctional Health Services and the caption in future filings will reflect this substitution. Hughbanks's motion to substitute Joan Adam, in her individual capacity, is denied

10. That Hughbanks's request to amend the caption regarding defendant Gilchrist and defendant Global Tel Link (Docket 62) is granted. The caption in future filings will identify defendant Gilchrist as "THOMAS GILCHRIST, Sex Offender Management Program Counselor/Therapist, Mike Durfee State Prison, in his individual and official capacity" and defendant Global Tel Link Corporation as "Global Tel Link Corporation n/k/a ViaPath Technologies."

11. That Hughbanks's motion to compel answers (Docket 61) is denied.

12.   That Hughbanks's partial motion to dismiss (Docket 94) is

withdrawn and his claims for injunctive relief against Summit Food

Service and Kim Halverson are not dismissed.

13.   That Hughbanks's motion to seal (Docket 100) is denied.

Dated February 10, 2023.

BY THE COURT:


/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE