UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| KEVIN LEE HUGHBANKS, <br><br> Plaintiff, <br><br> vs. <br><br> BRENT FLUKE, Warden, Mike Durfee State Prison, in his individual and official capacity; REBECCA SCHIEFFER, Associate Warden of Operations and Administrative Remedy Coordinator, Mike Durfee State Prison, in her individual and official capacity; ALEJANDRO REYES, Associate Warden of Programs and Americans with Disabilities Act Coordinator, Mike Durfee State Prison, in his individual and official capacity; LAINE SCHRYVERS, Former Ludeman and West Crawford Unit Manager, Mike Durfee State Prison, in their individual capacity; TAMMY DOYLE, Barracks Unit Manager, Mike Durfee State Prison, in her individual and official capacity; MELISSA MAGSTADT, Secretary South Dakota Department of Health and Correctional Health Services Director, All SD DOC Locations, in her official capacity; CHS JANE DOE, Nurse, Mike Durfee State Prison, in her individual and official capacity; MARY CARPENTER, Medical Director, All SD DOC locations, in her individual and official capacity; STEPHANIE HAMILTON, Nurse, Mike Durfee State Prison, in her individual and official capacity; MIKE LEIDHOLT, Former Secretary of Corrections, All SD DOC Locations, in his individual capacity; | 4:21-CV-04167-KES <br><br><br><br> ORDER DENYING GLOBAL TEL LINK CORPORATION N/K/A VIAPATH TECHNOLOGIES'S MOTION TO DISMISS AND MOTION TO STAY DISCOVERY |

TIM REISCH, Former Interim Secretary of Corrections, All SD DOC Locations, in his individual capacity; CHS JANE DOE, Nurse, South Dakota State Penitentiary, in her individual and official capacity; SAM BADURE, Unit Manager and SDSP Prison Rape Elimination Act Coordinator, South Dakota State Penitentiary, in his individual and official capacity; CODY HANSON, Former Case Manager and Current Unit Manager, South Dakota State Penitentiary, in his individual and official capacity; MELISSA MATURAN, SDSP Administrative Remedy Coordinator, South Dakota State Penitentiary, in her individual and official capacity; TAMMY TOP, Former Physician's Assistant, South Dakota State Penitentiary, in her individual and official capacity; JESSICA SCHRUER, South Dakota State Penitentiary, in her individual and official capacity; PERSONAL REPRESENTATIVE OF THE ESTATE OF DR. HERBERT SALOUM, DECEASED, Doctor of Medicine, Employed though Department of Health, South Dakota State Penitentiary, in his individual capacity; DARIN YOUNG, Former Chief Warden and Director of Operations, South Dakota State Penitentiary, in his individual capacity; JENNIFER DREISKE, Former Deputy Warden, South Dakota State Penitentiary, in her individual capacity; CHARISSA WAREMBOURG, Mailroom Officer, Mike Durfee State Prison, in her individual and official capacity; THOMAS GILCHRIST, Sex Offender Management Program Counselor/Therapist, Mike Durfee State Prison, in his individual and official capacity; BRENNA CARLSON, Sex Offender Management Program Director, All SD DOC

Facilities, in her individual and official capacity; MARK STOEBNER, Former Sex Offender Management Program Counselor/Therapist, Mike Durfee State Prison, in his individual and official capacity; JAMES HENRY, Corporal and Supervisor of Laundry, Mike Durfee State Prison, in his individual and official capacity; GLOBAL TEL LINK CORPORATION N/K/A VIAPATH TECHNOLOGIES, All South Dakota Department of Corrections Facilities, in its individual and official capacity; SUMMIT FOOD SERVICE, LLC; Mike Durfee State Prison, in its individual and official capacity; UNKNOWN CORRECTIONAL HEALTH SERVICES EMPLOYEES, Unknown Positions, Mike Durfee State Prison, in their individual and official capacities; SOMP JOHN DOE, Unknown Contractor for Sex Offender Management Program, Mike Durfee State Prison, in his individual and official capacity; TIFFANY VOIGT, Unit Coordinator, Mike Durfee State Prison, in her individual and official capacity; DOUG CLARK, Deputy Secretary of Corrections, Former Interim Secretary of Corrections and Former Executive Director of South Dakota Board of Pardons and Paroles, in his individual and official capacity; DAN SULLIVAN, Warden of South Dakota State Penitentiary, in his official capacity; KELLIE WASKO, Cabinet Secretary South Dakota Department of Corrections, All SD DOC Locations, in their official capacity; GORDON SWANSON, Parole Board Member, All SD DOC Facilities, in his individual and official capacity; KENNETH ALBERS, Parole Board Member and Former Sheriff, All SD DOC Facilities, in his individual and official capacity; MARK SMITH, Parole Board Member, All SD

| | |
|---|---|
| DOC Facilities, in his individual and official capacity; MYRON RAU, Parole Board Member, All SD DOC Facilities, in his individual and official capacity; PAIGE WILBUR BOCK, Parole Board Member, All SD DOC Facilities, in her individual and official capacity; DAVE NELSON, Parole Board Member and Former Prosecutor, All SD DOC Facilities, in his individual and official capacity; KEVIN KRULL, Parole Board Member, All SD DOC Facilities, in his individual and official capacity; ANNE HAJEK, Parole Board Member, All SD DOC Facilities, in her individual and official capacity; ED LIGTENBERG, Parole Board Member and Former Executive Director of South Dakota Board of Pardons and Paroles, All SD DOC Facilities, in his individual and official capacity; GREGG GASS, Parole Board Member, All SD DOC Facilities, in his individual and official capacity; JODY JESSEN, Correctional Officer, Mike Durfee State Prison, in his/her individual and official capacity; ED LOEWE, Lieutenant of Special Investigative Unit, Mike Durfee State Prison, in his individual and official capacity; KIM HALVERSON, Summit Food Service, LLC, Director at Mike Durfee State Prison, in their individual and official capacity; and JARROD ANDERSON, Former Summit Food Service, LLC, Director at Mike Durfee State Prison, in his individual capacity,<br><br>        Defendants. | |

Plaintiff, Kevin Lee Hughbanks, filed a pro se lawsuit under 42 U.S.C. § 1983 against several defendants, including Global Tel Link Corporation

(GTL)[1]. Dockets 5, 20. GTL moves for dismissal of the amended complaint (Docket 20) under Rule 12(b)(6) on the grounds that the amended complaint (1) does not establish that GTL acted under color of state law and (2) does not allege an actual injury as a result of GTL's actions. Dockets 69, 70. GTL also moves to stay discovery pending a ruling on its motion to dismiss. Docket 102.

The amended complaint alleges that: GTL contracted with the Department of Corrections to provide LexisNexis on GTL tablet computers issued to inmates. Docket 20 at 70. The network is frequently down, and "there are exceptionally slow processing and spooling speeds, making it difficult to actually conduct research[.]" *Id.* The LexisNexis system available to inmates on the GTL tablets "has many flaws, errors, and bugs in it which further impede research." *Id.* Hughbanks alleges that the scope of case law available to prisoners through LexisNexis is inadequate, but this allegation is not directed at GTL. *Id.* Hughbanks also alleges that LexisNexis is not available in the legal typing room, which makes "it more difficult and time consuming to accurately quote case law, statutes, and conduct research." *Id.* Hughbanks alleges that "[t]hese issues caused injury . . . as [they] impeded and frustrated his ability ot [sic] file appeal to state courts denial of habeas relief and to file a federal petition." *Id.*

---

[1] In its corporate disclosure statement, GTL advised that "GTL recently changed its name to ViaPath Technologies[.]" Docket 57. Hughbanks requested to amend the caption to identify defendant Global Tel Link Corporation as Global Tel Link Corporation n/k/a ViaPath Technologies. Docket 62. The court granted Hughbanks's request. Docket 114. In this opinion, the court will refer to Global Tel Link Corporation n/k/a ViaPath Technologies as GTL.

For the following reasons, the court denies GTL's motion to dismiss.

## I.     Legal Standard

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). When considering a Rule 12(b)(6) motion, the court must accept as true the factual allegations in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citations omitted). All reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986) (citations omitted). The pleaded facts must demonstrate a plausible claim, that is, one in which the pleader has shown more than an abstract "possibility" that the defendant has engaged in actionable misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While civil rights and pro se complaints must be liberally construed, *Erickson*, 551 U.S. at 94 (citations omitted), "a *pro se* complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (citation omitted).

## II.    Under Color of State Law

To state a claim under § 1983, Hughbanks must allege the violation of a right secured by the Constitution and must show that "the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted). GTL argues that the amended complaint fails to state a claim upon which relief can granted because it is a private entity and was not acting under color of state law. Docket 70 at 3-5.

As GTL notes, there is a presumption that private conduct does not constitute state action sufficient to give rise to § 1983 liability. *Id.* at 3 (citing *Rendell-Baker v. Kohm*, 457 U.S. 830, 841 (1982)). But the Eighth Circuit has recognized that "in a few limited circumstances, a private entity can qualify as a state actor." *Roberson v. Dakota Boys & Girls Ranch*, 42 F.4th 924, 928 (8th Cir. 2022) (internal quotation omitted). A private party engaging in an alleged deprivation of a constitutional right may be appropriately characterized as a state actor when the private entity performs a traditional, exclusive public function or the government acts jointly with the private entity. *Id.* at 928-29 (citation omitted). If the government outsources to a private entity one of its constitutional obligations, the private entity performs a traditional, exclusive public function. *Id.* at 929 (citation omitted). Whether a private entity acts under color of state law is a "necessarily fact-bound inquiry." *Id.* at 928 (quoting *Doe v. N. Homes, Inc.*, 11 F.4th 633, 637 (8th Cir. 2021) and *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 939 (1982)).

In *West*, 487 U.S. at 54, the Supreme Court held that a physician who practiced privately and contracted with the state to provide medical care to state prisoners was a state actor when treating prisoners. The Court reasoned:

> It is the physician's function within the state system, not the precise terms of his employment, that determines whether his actions can fairly be attributed to the State. Whether a physician is on the state payroll or is paid by contract, the dispositive issue concerns the relationship among the State, the physician, and the prisoner. Contracting out prison medical care does not relieve the State of its constitutional duty to provide adequate medical

7

>treatment to those in its custody, and it does not deprive the State's prisoners of the means to vindicate their Eighth Amendment rights. The State bore an affirmative obligation to provide adequate medical care to West; the State delegated that function to respondent Atkins; and respondent voluntarily assumed that obligation by contract.

*Id.* at 55-56 (footnote omitted). The court finds the Supreme Court's analysis persuasive in this case. Hughbanks alleges that the Department of Corrections has contracted its constitutional duty to provide meaningful access to the courts to GTL. Thus, the amended complaint contains sufficient allegations to find, at this stage of the proceedings, that GTL acts under color of state law when providing tablets for legal research in the prison and can be sued under § 1983. *Manhattan Cmty. Access Corp.* v. *Halleck,* 139 S. Ct. 1921, 1929 n.1 (2019) ("[T]his Court has recognized that a private entity may, under certain circumstances, be deemed a state actor when the government has outsourced one of its constitutional obligations to a private entity."); *Roberson,* 42 F.4th at 930 (finding that North Dakota "outsourced its constitutional duty to provide medical care to a child in its custody, delegating a traditional, exclusive public function" to a private actor).

GTL contends that this court has "recently dismissed two similar complaints against GTL based, in part, on the plaintiffs' failures to plead facts alleging any sort of 'close nexus' between GTL and the state that would establish GTL as a state actor." Docket 70 at 5. The allegations against GTL in the two previous lawsuits are not similar to Hughbanks's allegations. To the contrary, there were no allegations that GTL had contracted with the

8

Department of Corrections to provide any devices, technology, or services integral to inmates' ability to exercise their right of access to the courts. In *Shaw v. Kaemingk*, No. 4:17-CV-04116-KES, 2018 WL 3682502, at *1, 2018 U.S. Dist. LEXIS 129520, at *2 (D.S.D. Aug. 2, 2018), the plaintiff alleged that GTL, a company contracted to provide internet services to inmates, had denied him the ability to receive music, books, and games on a tablet because he is indigent. The court found that the "complaint does not provide a factual basis to determine whether providing internet services is a function that is typically the exclusive prerogative of the state." 2018 WL 3682502, at *3, 2018 U.S. Dist. LEXIS 129520, at *7. In this case, Hughbanks is not seeking to access digital music, games, or books. He seeks access to statutes and case law, and he alleges that the only way he can do so is through the "GTL Inspire tablet computers issues to inmates to research[.]" Docket 20 at 70.

In *Rindahl v. Noem*, No. 4:20-CV-04044-RAL, 2020 WL 6728840, at *6, 2020 U.S. Dist. LEXIS 214131, at *15 (D.S.D. Nov. 16, 2020), the plaintiff alleged that GTL contracted with the Department of Corrections to provide telecommunication services to inmates in custody of the Department of Corrections. The court granted GTL's motion to dismiss because it could not be deemed a state actor merely by virtue of its contract with the Department of Corrections to provide telecommunication services. 2020 WL 6728840, at *6, 2020 U.S. Dist. LEXIS 214131, at *16. In this case, Hughbanks's allegations are not limited to a contractual obligation GTL may have had to provide telephone or internet services. Hughbanks's allegations arise out of GTL's

9

alleged failure to provide tablets with sufficient networking capability for legal research, which is the only means available to Hughbanks to conduct legal research because libraries with legal books have been eliminated.

GTL asserts that "numerous courts around the country have specifically held that GTL does not become a public entity simply because it contracts with the DOC to provide services." Docket 70 at 4. But none of these other cases arise out of a contract to provide a device, technology, or service that is required for inmates to have meaningful access to the courts. In fact, in one of the cases GTL cites, the court explained that "[p]roviding services that the state would not necessarily provide does not automatically render the acts of privately owned enterprises attributable to the state." *Anderson v. Sposato*, 2013 WL 2023229, at *3, 2013 U.S. Dist. LEXIS 69000, at *12 (E.D.N.Y. May 9, 2013) (quoting *Evans v. Skolnik*, 2009 WL 3763041, at *5, 2009 U.S. Dist. LEXIS 104427 (D. Nev. Nov. 5, 2009)). In this case, based on Hughbanks's allegations regarding how the Department of Corrections has chosen to provide inmates access to the courts, *see* Docket 20 at 70, GTL is not providing a service that the state would not necessarily provide. Rather, GTL is providing a service that the Department of Corrections is constitutionally required to provide. If inmates do not have meaningful access to LexisNexis using the "GTL Inspire tablet computers issued to inmates to research", *id.*, they will be unable to conduct legal research and unable to exercise their constitutional right to access the courts. Thus, the allegations in this case differ from the allegations in the cases on which GTL relies. Docket 70 at 4-5. Inmates can exercise their

right to communicate with friends, family, and counsel while in prison without using any services GTL may contract to provide to the Department of Corrections. But according to Hughbanks, he can exercise his right to access the courts only by using the device and services GTL has contracted to provide to the Department of Corrections. Docket 20 at 70.

Similarly, the court does not agree that it has previously rejected the "exact argument" that GTL's contractual agreement to provide tables makes GTL a state actor. Docket 76 at 1-2. In *Maday v. Dooley*, No. 4:17-CV-04168-KES, 2018 WL 4334072, at *8, 2018 U.S. Dist. LEXIS 109551, at *23 (D.S.D. June 7, 2018), *report and recommendation adopted*, 2018 WL 3216126, 2018 U.S. Dist. LEXIS 107935 (D.S.D. June 28, 2018), the plaintiff alleged that GTL had conspired with the state to deprive him access to the courts. Because the magistrate judge did not find the conspiracy allegations plausible, the magistrate judge recommended dismissal of the access-to-courts claims against GTL. 2018 WL 4334072, at *9, 2018 U.S. Dist. LEXIS 109551, at *25-26. This court adopted the report and recommendation, finding that the access-to-court claim against GTL did not survive screening. 2018 WL 3216126, at *1. 2018 U.S. Dist. LEXIS 107935, at *1.

In this case, Hughbanks has not alleged a conspiracy. Rather, he asserts that "[i]t is [GTL]'s function that determines whether they are acting under *color of state law.* It is not [GTL]'s contractual agreement for movies, games, telephone service that matters, it is their contractual agreement to provide inmates with legal access through the Lexis-Nexis application that makes them

11

*state actors.*" Docket 74 at 19-20. The allegations in *Maday* did not require that the court consider whether GTL was a state actor because the Department of Corrections has an obligation to provide access to the courts and has delegated that function to the GTL, which is what Hughbanks argues. *See id.* at 19. Thus, the court's analysis in *Maday* is not a reason to grant GTL's motion to dismiss.

Finally, GTL argues that it "has no control over how legal services are provided to inmates[]" and that the Department of Corrections Policy for Inmate Access to the Courts, Policy 1.3.E.1, does not reference or address GTL. Docket 76 at 4 & n.2. When considering a motion to dismiss under Rule 12(b)(6), the court generally must ignore materials outside the pleading, but may consider materials that are part of the public record. *Porous Media Corp. v Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999) (internal citation omitted). Under South Dakota law, Department of Correction Policy 1.3.E.1 is a public record. SDCL §§ 1-27-1.1, 1-15-20.

Although the policy does not specifically mention GTL, the policy provides that "[t]he DOC will provide access to legal reference materials via offender tablets and kiosks, which shall be made available to offenders at all DOC facilities." DOC Policy 1.3.E.1 Inmate Access to the Courts, available at https://doc.sd.gov/documents/1.3.E.1%20Offender%20Access%20to%20the%20Courts%20(10.01.22).pdf (last visited Feb. 10, 2023). Hughbanks alleges that the Department of Corrections has outsourced to GTL its constitutional obligation to provide legal reference materials. This allegation, if true, means

12

that GLT may be appropriately characterized as a state actor because it is performing a traditional, exclusive public function. *See Roberson*, 42 F.4th at 929. Although the policy also provides that inmates can purchase soft cover legal reference books and legal materials, the court does not agree that this alternative provides indigent inmates meaningful access to the courts.

Construing the amended complaint liberally and giving Hughbanks the benefit of all favorable inferences, which the court must do, the court finds that Hughbanks has alleged that GTL acts under color of state law.

### III. Actual Injury

To prevail on an access-to-courts claim, an inmate must show an actual injury. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). When bringing an access-to-court claim, an inmate cannot merely allege a denial of access to a law library or adequate attorney, even if the denial is systemic. *Id.* The inmate must show the alleged inadequacy of the prison's law library or legal assistance program hindered the inmate's efforts to proceed with a legal claim in a criminal appeal, postconviction matter, or civil rights action seeking to vindicate basic constitutional rights. *Id.* at 355. GTL argues that Hughbanks alleges only that network and connectivity issues make it "difficult to actually conduct research." Docket 70 at 7 (quoting Docket 20 at 70). The court disagrees. The court construes the amended complaint to allege that *all* the issues outlined in the "Legal Access to Case Law and statutes" section of the amended complaint have "caused injury . . . [and] impeded and frustrated [Hughbanks's] ability ot

13

[sic] appeal to state courts denial of habeas relief and to file a federal petition." Docket 20 at 70.

GTL contends that Hughbanks's allegations of actual injury are "nearly identical" to the plaintiff's allegation in *Bell v. Young*, 2021 WL 3809363, 2021 U.S. Dist. LEXIS 161723 (D.S.D. Aug. 25, 2021). Docket 70 at 7. In *Bell,* the plaintiff alleged only that "the prison tablets' frequent failures impeded his legal research." 2021 WL 3809363, at *7, 2021 U.S. Dist. LEXIS 161723, at *20. Contrary to Hughbanks's amended complaint, Bell did not allege that "any legal claim he has brought or sought to bring has been hindered or stymied by a lack of access to the courts[.]" 2021 WL 3809363, at *7, 2021 U.S. Dist. LEXIS 161723, at *21. At this stage, the court must accept as true Hughbanks's allegation that he has been unable to appeal the denial of a state court request for habeas relief or to file a federal petition for habeas relief. Any argument that Hughbanks will be unable to come forward with competent, admissible evidence to support these allegations is premature.

In *Waff v. South Dakota Department of Corrections*, the complaint alleged that the plaintiffs' efforts to pursue legal claims had been hindered, and the plaintiffs submitted affidavits "referring to the hindrance of habeas corpus litigation and a pending court action." 51 F. App'x 615 (8th Cir. 2002) (per curiam). Although the actual injury allegations in the complaint were somewhat conclusory, because of the added detail in the affidavits, the Eighth Circuit reversed the pre-service dismissal of the access to courts claim. *Id.* Because Hughbanks's allegations of actual injury are similar to the allegations

14

in *Waff*, the court finds that Hughbanks has alleged an actual injury. GTL's motion to dismiss (Docket 69) is denied.

## IV.  Motion to Stay Discovery

GTL moves to stay discovery pending a ruling on its motion to dismiss. Docket 102. GTL's motion to stay discovery is denied as moot.

Thus, IT IS ORDERED:

1. That GTL's motion to dismiss (Docket 69) is denied. Pursuant to Federal Rule of Civil Procedure 12(a)(4)(A), GTL must serve its answer to the amended complaint (Docket 20) no later than 14 days after entry of this order.

2. That GTL's motion to stay discovery (Docket 102) is denied as moot. Pursuant to Federal Rule of Civil Procedure 33, GTL must respond to the Interrogatories to Viapath, dated August 14, 2022 (Docket 103-1 at 3) within 30 days after entry of this order.

Dated February 14, 2023.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE