UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| KEVIN LEE HUGHBANKS, <br><br> Plaintiff, <br><br> vs. <br><br> BRENT FLUKE, Warden, Mike Durfee State Prison, in his individual and official capacity; REBECCA SCHIEFFER, Associate Warden of Operations and Administrative Remedy Coordinator, Mike Durfee State Prison, in her individual and official capacity; ALEJANDRO REYES, Associate Warden of Programs and Americans with Disabilities Act Coordinator, Mike Durfee State Prison, in his individual and official capacity; LAINE SCHRYVERS, Former Ludeman and West Crawford Unit Manager, Mike Durfee State Prison, in their individual capacity; TAMMY DOYLE, Barracks Unit Manager, Mike Durfee State Prison, in her individual and official capacity; SECRETARY SOUTH DAKOTA DEPARTMENT OF HEALTH, Cabinet Secretary, in their individual capacity; DIRECTOR CORRECTIONAL HEALTH SERVICES, Director, All SD DOC Locations, in their individual capacity; MELISSA MAGSTADT, in her official capacity; CHS JANE DOE, Nurse, Mike Durfee State Prison, in her individual and official capacity; MARY CARPENTER, Medical Director, All SD DOC locations, in her individual and official capacity; STEPHANIE HAMILTON, Nurse, Mike Durfee State Prison, in her individual and official | 4:21-CV-04167-KES <br><br><br><br> ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER |

capacity; MIKE LEIDHOLT, Former Secretary of Corrections, All SD DOC Locations, in his individual capacity; TIM REISCH, Former Interim Secretary of Corrections, All SD DOC Locations, in his individual capacity; CHS JANE DOE, Nurse, South Dakota State Penitentiary, in her individual and official capacity; SAM BADURE, Unit Manager and SDSP Prison Rape Elimination Act Coordinator, South Dakota State Penitentiary, in his individual and official capacity; CODY HANSON, Former Case Manager and Current Unit Manager, South Dakota State Penitentiary, in his individual and official capacity; MELISSA MATURAN, SDSP Administrative Remedy Coordinator, South Dakota State Penitentiary, in her individual and official capacity; TAMMY TOP, Former Physician's Assistant, South Dakota State Penitentiary, in her individual and official capacity; JESSICA SCHRUER, South Dakota State Penitentiary, in her individual and official capacity; PERSONAL REPRESENTATIVE OF THE ESTATE OF DR. HERBERT SALOUM, deceased; DARIN YOUNG, Former Chief Warden and Director of Operations, South Dakota State Penitentiary, in his individual capacity; JENNIFER DREISKE, Former Deputy Warden, South Dakota State Penitentiary, in her individual capacity; CHARISSA WAREMBOURG, Mailroom Officer, Mike Durfee State Prison, in her individual and official capacity; THOMAS GILCHRIST, Sex Offender Management Program Counselor/Therapist, Mike Durfee State Prison, in his individual and official capacity; BRENNA CARLSON, Sex Offender Management Program Director, All SD DOC Facilities, in her individual and official

capacity; MARK STOEBNER, Former Sex Offender Management Program Counselor/Therapist, Mike Durfee State Prison, in his individual and official capacity; JAMES HENRY, Corporal and Supervisor of Laundry, Mike Durfee State Prison, in his individual and official capacity; GLOBAL TEL LINK CORPORATION n/k/a VIAPATH TECHNOLOGIES, All South Dakota Department of Corrections Facilities, in its individual and official capacity; SUMMIT FOOD SERVICE, LLC, Mike Durfee State Prison, in its individual and official capacity; UNKNOWN CORRECTIONAL HEALTH SERVICES EMPLOYEES, Unknown Positions, Mike Durfee State Prison, in their individual and official capacities; SOMP JOHN DOE, Unknown Contractor for Sex Offender Management Program, Mike Durfee State Prison, in his individual and official capacity; TIFFANY VOIGT, Unit Coordinator, Mike Durfee State Prison, in her individual and official capacity; DOUG CLARK, Deputy Secretary of Corrections, Former Interim Secretary of Corrections and Former Executive Director of South Dakota Board of Pardons and Paroles, in his individual and official capacity; TERESA BITTINGER,[1] Warden of South Dakota State Penitentiary, in her official capacity; KELLIE WASKO, Cabinet Secretary South Dakota Department of Corrections, All SD DOC Locations, in their official capacity; GORDON SWANSON, Parole Board Member, All SD DOC Facilities, in his individual and official capacity; KENNETH ALBERS, Parole Board Member and Former

---

[1] Dan Sullivan is no longer the Warden of the South Dakota State Penitentiary. The current Warden, Teresa Bittinger, is substituted for Dan Sullivan pursuant to Fed. R. Civ. Pro. 25(d).

3

Sheriff, All SD DOC Facilities, in his individual and official capacity; MARK SMITH, Parole Board Member, All SD DOC Facilities, in his individual and official capacity; MYRON RAU, Parole Board Member, All SD DOC Facilities, in his individual and official capacity; PAIGE WILBUR BOCK, Parole Board Member, All SD DOC Facilities, in her individual and official capacity; DAVE NELSON, Parole Board Member and Former Prosecutor, All SD DOC Facilities, in his individual and official capacity; KEVIN KRULL, Parole Board Member, All SD DOC Facilities, in his individual and official capacity; ANNE HAJEK, Parole Board Member, All SD DOC Facilities, in her individual and official capacity; ED LIGTENBERG, Parole Board Member and Former Executive Director of South Dakota Board of Pardons and Paroles, All SD DOC Facilities, in his individual and official capacity; GREGG GASS, Parole Board Member, All SD DOC Facilities, in his individual and official capacity; JODY JESSEN, Correctional Officer, Mike Durfee State Prison, in his/her individual and official capacity; ED LOEWE, Lieutenant of Special Investigative Unit, Mike Durfee State Prison, in his individual and official capacity; KIM HALVERSON, Summit Food Service, LLC, Director at Mike Durfee State Prison, in their individual and official capacity; and JARROD ANDERSON, Former Summit Food Service, LLC, Director at Mike Durfee State Prison, in his individual capacity,

                Defendants.

Plaintiff, Kevin Lee Hughbanks, filed a pro se lawsuit under 42 U.S.C. § 1983. Dockets 5, 20. Hughbanks alleges that his conditions of confinement at Mike Durfee State Prison (MDSP) violate his constitutional rights. Dockets 5, 20. Hughbanks has filed a motion for temporary restraining order. Docket 140. For the reasons set forth below, Hughbanks's motion for temporary restraining order is denied.

## FACTUAL BACKGROUND

Hughbanks alleges that the South Dakota Department of Corrections and MDSP implemented a policy, which was to become effective on May 15, 2023, limiting the personal property, including legal documents, books, personal mail, personal clothing, stationary items, journals, and grievances, prisoners can maintain. Docket 140 at 1-2. To prevent irreparable harm if excess personal property is disposed of, Hughbanks requests that the court enter an order to "maintain the status quo and either allow [him] personally, or all inmates, to retain [their] items as long as [they] fit[] in assigned space." *Id.* at 2.  The court requested that the State defendants respond to Hughbanks's motion for temporary restraining order. Docket 141. Hughbanks did not include a copy of the newly implemented policy with his motion, and he did not identify the policy by number or subject. *See* Docket 140.

According to the State defendants' response, "[t]here is no new policy, or revision to an existing policy, that will be implemented effective May 15th, 2023, that will reduce the amount of space inmates can use to store items[.]" Docket 143 at 2-3; Docket 143-4 ¶¶ 4-5. The relevant policy, the Offender

Personal Property policy, 1.3.C.4, became effective on November 15, 2022. Docket 143-1 at 1; Docket 143-4 ¶ 5. A comprehensive list of allowed personal policy, the Universal Property List, is maintained and is an attachment to the Offender Personal Property policy. Docket 143-1 at 1, 7-11. The Universal Property List was revised on April 11, 2023. Docket 143-1 at 7-11; Docket 143-4 ¶ 3. There is no revision to the Universal Property List that will take effect on May 15, 2023. Docket 143-4 ¶ 3. The April 11, 2023, revision to the Universal Property List added "soft cover" to all books. *Compare* Docket 143-1 at 8, *with* Docket 143-2 at 8.

When policies are created or revised, inmates are provided the new or revised policies on their tablets. Docket 143-4 ¶ 8. Since the revised Offender Personal Property policy was published to inmates' tablets in November 2022, Hughbanks has not filed a grievance regarding the policy. *Id.* ¶ 9. Inmates in each unit were informed of the date on which they would be required to comply with the November 15, 2022, revisions to the Offender Personal Property policy. *Id.* ¶ 6. West Crawford was the last unit that was required to comply with the revised policy. *Id.* Inmates in West Crawford were informed that they needed to comply with the November 15, 2022, revisions to the Offender Personal Property policy by May 15, 2023. *Id.* ¶ 7. In accordance with the November 15, 2022, Offender Personal Property policy as well as the previous policy, inmates are allowed two storage containers. *Id.* ¶ 13; Docket 143-1 at 9; Docket 143-3 at 4. In accordance with the November 15, 2022, Offender Personal Property policy as well as the previous policy, inmates are allowed ten books. Docket

6

143-4 ¶ 14; Docket 143-1 at 8; Docket 143-3 at 3. The current Offender Personal Property policy provides that "[o]ffenders with an active [legal] case may be granted additional storage space while the case is pending." Docket 143-1 at 2. Hughbanks is permitted to maintain extra legal documents after May 15, 2023, due to his pending litigation. Docket 143-4 ¶ 12.

## DISCUSSION

A temporary restraining order is issued only in the extremely rare instance in which court action must be taken without notice to the nonmoving party. Fed. R. Civ. P. 65(b). Because the State defendants were provided notice and filed a response, the court will construe Hughbanks's motion as a request for a preliminary injunction. *See* Fed. R. Civ. P. 65(a)(1)("The court may issue a preliminary injunction only on notice to the adverse party.").

A preliminary injunction is an "extraordinary and drastic remedy[.]" *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (citation omitted). Hughbanks, the party seeking preliminary relief, bears the burden of establishing the elements necessary for relief. *Watkins, Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003). Whether a preliminary injunction should issue is decided by weighing the four *Dataphase* factors: (1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on the other parties; (3) the probability that the movant will succeed on the merits; and (4) the public interest. *Dataphase Sys., Inc. v. CL Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981). In a prison setting, a request for a preliminary injunction "must always be viewed with great caution

because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.' " *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995) (quoting *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982)).

The purpose of preliminary relief, such as a temporary restraining order or preliminary injunction, is to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the merits of the complaint. *Dataphase*, 640 F.2d at 113 n.5 (citation omitted). A plaintiff seeking injunctive relief "must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam). "It is inappropriate to grant a preliminary injunction for matters 'lying wholly outside the issues in the suit.' " *Brakeall v. Stanwick-Klemik*, 4:17-CV-04101-LLP, 2019 WL 3807272, at *1, 2019 U.S. Dist. LEXIS 136069, at *2 (D.S.D. Aug. 13, 2019) (quoting *DeBeers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945)). In *Devose*, the Eighth Circuit affirmed the denial of a request for a preliminary injunction requesting relief for alleged retaliatory conduct that had nothing to do with the underlying § 1983 claim of inadequate medical treatment. 42 F.3d at 471. The Eighth Circuit reasoned that it was "self-evident that Devose's motion for temporary relief [had] nothing to do with preserving the district court's decision-making power over the merits of Devose's 42 U.S.C. § 1983 lawsuit." *Id.*

Hughbanks's amended complaint alleges deliberate indifference to his serious medical needs (Docket 20 at 11-29), unsanitary conditions (*id.* at 29-47), inadequate nutrition (*id.* at 73-77), and overcrowding (*id.* at 86-89) in violation of his Eighth Amendment right to be free from cruel and unusual punishment. He alleges lack of meaningful access to the courts in violation of his First Amendment rights.[2] *See id.* at 62-73. He challenges the inmate correspondence policy, contending it violates his First Amendment rights. *See id.* at 47-51. He also challenges the Sex Offender Management Program policies, contending they violate his Fourteenth Amendment right to due process and his Fifth Amendment right to be free from self-incrimination. *See id.* at 81-83, 89-95. Finally, Hughbanks challenges the policies of the parole board, arguing that they do not comply with state law. *See id.* at 83-86. Hughbanks's amended complaint does not challenge the policy governing the control of prisoners' personal property or allege that his constitutional rights have been violated because the volume of personal property he can possess is restricted. *See id.* at 11-95. Although Hughbanks's claim that he is being forced to reduce the amount of personal property he can possess, including legal documents, religious materials, personal mail, stationary items, and grievances, may support relief in a new case, it is not a basis for preliminary relief in this § 1983 lawsuit. Further, Hughbanks was provided notice

---

[2] Hughbanks alleges that he should be provided a laptop computer to facilitate legal typing and research. Docket 20 at 68-69. This is a claim regarding a restriction on the type of personal property that an inmate can possess rather than the volume of personal property an inmate can possess.

9

approximately six months ago of the policy revision he now sees to enjoin emergently in this action (Docket 143-4 ¶¶ 5, 8-9), and the State defendants have confirmed that Hughbanks will be permitted to maintain additional legal documents due to his pending litigation (*Id.* ¶ 12). Hughbanks has not met his burden of demonstrating that a preliminary injunction should issue.

Thus, it is ORDERED that Hughbanks's motion for a temporary restraining order (Docket 140) is denied.

Dated May 17, 2023.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE