UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| KEVIN LEE HUGHBANKS, | 4:21-CV-04167-KES |
| Plaintiff, | |
| vs. | |
| BRENT FLUKE, Warden, Mike Durfee State Prison, in his individual and official capacity; REBECCA SCHIEFFER, Associate Warden of Operations and Administrative Remedy Coordinator, Mike Durfee State Prison, in her individual and official capacity; ALEJANDRO REYES, Associate Warden of Programs and Americans with Disabilities Act Coordinator, Mike Durfee State Prison, in his individual and official capacity; LAINE SCHRYVERS, Former Ludeman and West Crawford Unit Manager, Mike Durfee State Prison, in their individual capacity; TAMMY DOYLE, Barracks Unit Manager, Mike Durfee State Prison, in her individual and official capacity; SECRETARY SOUTH DAKOTA DEPARTMENT OF HEALTH, Cabinet Secretary, in their individual capacity; DIRECTOR CORRECTIONAL HEALTH SERVICES, Director, All SD DOC Locations, in their individual capacity; MELISSA MAGSTADT, in her official capacity; CHS JANE DOE, Nurse, Mike Durfee State Prison, in her individual and official capacity; MARY CARPENTER, Medical Director, All SD DOC locations, in her individual and official capacity; STEPHANIE HAMILTON, Nurse, Mike Durfee State Prison, in her individual and official | ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL, MOTION FOR APPOINTMENT OF A SPECIAL MASTER, MOTIONS FOR JOINDER, MOTION FOR SERVICE BY PUBLICATION AND GRANTING DEFENDANTS' MOTION FOR EXTENSION OF TIME |

capacity; MIKE LEIDHOLT, Former
Secretary of Corrections, All SD DOC
Locations, in his individual capacity;
TIM REISCH, Former Interim Secretary
of Corrections, All SD DOC Locations,
in his individual capacity; CHS JANE
DOE, Nurse, South Dakota State
Penitentiary, in her individual and
official capacity; SAM BADURE, Unit
Manager and SDSP Prison Rape
Elimination Act Coordinator, South
Dakota State Penitentiary, in his
individual and official capacity; CODY
HANSON, Former Case Manager and
Current Unit Manager, South Dakota
State Penitentiary, in his individual and
official capacity; MELISSA MATURAN,
SDSP Administrative Remedy
Coordinator, South Dakota State
Penitentiary, in her individual and
official capacity; TAMMY TOP, Former
Physician's Assistant, South Dakota
State Penitentiary, in her individual and
official capacity; JESSICA SCHRUER,
South Dakota State Penitentiary, in her
individual and official capacity;
PERSONAL REPRESENTATIVE OF THE
ESTATE OF DR. HERBERT SALOUM,
deceased; DARIN YOUNG, Former Chief
Warden and Director of Operations,
South Dakota State Penitentiary, in his
individual capacity; JENNIFER
DREISKE, Former Deputy Warden,
South Dakota State Penitentiary, in her
individual capacity; CHARISSA
WAREMBOURG, Mailroom Officer, Mike
Durfee State Prison, in her individual
and official capacity; THOMAS
GILCHRIST, Sex Offender Management
Program Counselor/Therapist, Mike
Durfee State Prison, in his individual
and official capacity; BRENNA
CARLSON, Sex Offender Management
Program Director, All SD DOC
Facilities, in her individual and official

capacity; MARK STOEBNER, Former
Sex Offender Management Program
Counselor/Therapist, Mike Durfee State
Prison, in his individual and official
capacity; JAMES HENRY, Corporal and
Supervisor of Laundry, Mike Durfee
State Prison, in his individual and
official capacity; GLOBAL TEL LINK
CORPORATION n/k/a VIAPATH
TECHNOLOGIES, All South Dakota
Department of Corrections Facilities, in
its individual and official capacity;
SUMMIT FOOD SERVICE, LLC, Mike
Durfee State Prison, in its individual
and official capacity; UNKNOWN
CORRECTIONAL HEALTH SERVICES
EMPLOYEES, Unknown Positions, Mike
Durfee State Prison, in their individual
and official capacities; SOMP JOHN
DOE, Unknown Contractor for Sex
Offender Management Program, Mike
Durfee State Prison, in his individual
and official capacity; TIFFANY VOIGT,
Unit Coordinator, Mike Durfee State
Prison, in her individual and official
capacity; DOUG CLARK, Deputy
Secretary of Corrections, Former
Interim Secretary of Corrections and
Former Executive Director of South
Dakota Board of Pardons and Paroles,
in his individual and official capacity;
TERESA BITTINGER, Warden of the
South Dakota State Penitentiary, in her
official capacity; KELLIE WASKO,
Cabinet Secretary South Dakota
Department of Corrections, All SD DOC
Locations, in their official capacity;
GORDON SWANSON, Parole Board
Member, All SD DOC Facilities, in his
individual and official capacity;
KENNETH ALBERS, Parole Board
Member and Former Sheriff, All SD
DOC Facilities, in his individual and
official capacity; MARK SMITH, Parole
Board Member, All SD DOC Facilities,

in his individual and official capacity;
MYRON RAU, Parole Board Member, All
SD DOC Facilities, in his individual and
official capacity; PAIGE WILBUR BOCK,
Parole Board Member, All SD DOC
Facilities, in her individual and official
capacity; DAVE NELSON, Parole Board
Member and Former Prosecutor, All SD
DOC Facilities, in his individual and
official capacity; KEVIN KRULL, Parole
Board Member, All SD DOC Facilities,
in his individual and official capacity;
ANNE HAJEK, Parole Board Member,
All SD DOC Facilities, in her individual
and official capacity; ED LIGTENBERG,
Parole Board Member and Former
Executive Director of South Dakota
Board of Pardons and Paroles, All SD
DOC Facilities, in his individual and
official capacity; GREGG GASS, Parole
Board Member, All SD DOC Facilities,
in his individual and official capacity;
JODY JESSEN, Correctional Officer,
Mike Durfee State Prison, in his/her
individual and official capacity; ED
LOEWE, Lieutenant of Special
Investigative Unit, Mike Durfee State
Prison, in his individual and official
capacity; KIM HALVERSON, Summit
Food Service, LLC, Director at Mike
Durfee State Prison, in their individual
and official capacity; and JARROD
ANDERSON, Former Summit Food
Service, LLC, Director at Mike Durfee
State Prison, in his individual capacity,

                    Defendants.

Plaintiff, Kevin Lee Hughbanks, filed a pro se lawsuit under 42 U.S.C.

§ 1983. Dockets 5, 20. Hughbanks alleges that his conditions of confinement at

Mike Durfee State Prison (MDSP) violate his constitutional rights. Dockets 5,

20. Hughbanks has named as defendants current and former employees of the South Dakota Department of Corrections and Department of Health (State defendants), Summit Food Services and its current and former employees, and Global Tel Link Corporation. Docket 20 at 1-10. Hughbanks has informed the court that he is scheduled to be released on parole. Docket 151. He has filed motions seeking appointment of counsel (Docket 147), appointment of a special master (Docket 148), service by publication (Docket 146), and joinder of parties (Docket 145). Hughbanks also filed a motion on behalf of David Lewis Counts, an inmate at MDSP, in which Counts seeks to join Hughbanks's lawsuit as a plaintiff. Docket 150. The State defendants have filed a motion for an extension of the deadline for filing their motion for summary judgment. Docket 157.

Defendants oppose Hughbanks's motions. Dockets 152–155; Docket 162; Dockets 163–165. Defendants also oppose Counts's motion to join the case as a plaintiff. Docket 156; Docket 162; Docket 164. Hughbanks has not responded to the State defendants' motion for extension of time. Below the court outlines additional factual and procedural background pertinent to the court's ruling on each of the pending motions.

## I.    Motion For Appointment of Counsel

Hughbanks seeks appointment of counsel to assist him with "gathering evidence/discovery, amending [the] complaint, investigating the case, and litigating the case." Docket 147 at 1. Hughbanks previously moved for appointment of counsel, *see* Dockets 41, 65, which the court denied because it appeared that Hughbanks could adequately present his claims at the time.

5

Docket 114 at 14.  In his most recent motion for appointment of counsel, Hughbanks contends that his motion should now be granted because he is going to be paroled. Docket 147 at 1–2. When he is paroled, Hughbanks contends that he "will not be able to use the internet for any reason[.]" *Id.* Thus, he will not be able to conduct legal research. *Id.* He also contends that he will not have time to litigate this case because he "must use his time for work, parole meetings and treatment[.]" *Id.* There is no record evidence that Hughbanks has made any attempt to retain counsel.

"A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). The court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). When determining whether to appoint counsel to a pro se litigant, the court considers the "factual complexity of the case, the ability of the indigent to investigate the facts, the existence of conflicting testimony, the ability of the indigent to present his claim and the complexity of the legal issues." *Abdullah v. Gunter*, 949 F.2d 1032, 1035 (8th Cir. 1991) (citation omitted). Although Hughbanks has asserted numerous claims against various defendants, his claims do not appear to be factually or legally complex. To date, his filings have clearly set forth his claims. Hughbanks contends that his status as a parolee will negatively impact his ability to present his claims. Docket 147 at 1–2. But Hughbanks has not provided any evidentiary support for this contention, and it appears that Hughbanks has not made any effort to retain counsel on his own. For these

6

reasons, as well as the procedural stage of this case, the court denies Hughbanks's motion for appointment of counsel (Docket 147) at this time.

## II.    Motion for Appointment of Special Master

Hughbanks seeks appointment of a special master "to assist with gathering evidence/discovery." Docket 148. He contends that because of the security needs at the institution where he is incarcerated, he cannot gather the discovery materials that he needs, including photographs of specific areas of the institution. *Id.* Federal Rule of Civil Procedure 53(a)(1) provides in relevant part that "a court may appoint a master only to: . . . (C) address pretrial and posttrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district." Rule 53 does not permit the appointment of a special master to assist a pro se litigant in conducting discovery. *See* 9C Charles A Wright & Arthur R. Miller, Federal Practice and Procedure § 2601 (3d ed. 2008) (stating that a special master "is only to aid the trial court judge in the performance of specific judicial duties as they may arise in a case."). Hughbanks has not made any showing that this court or a magistrate judge will be unable to effectively and timely address any motion Hughbanks may file. Hughbanks's motion for appointment of a special master (Docket 148) is denied.

### III.    Motion for Service by Publication

Hughbanks has filed a motion to serve the personal representative of the estate of Herbert Saloum by publication.[1] Docket 146. In response to Hughbanks's motion for assistance with service, the court ordered that counsel for the State defendants provide to the USMS the last known address for the personal representative of the estate of Dr. Saloum. Docket 114 at 11. Despite diligent efforts, counsel for the State defendants was not able to locate a personal representative of Dr. Saloum's estate. Docket 120 at 2–3.

Under Federal Rule of Civil Procedure 4(e)(1), an individual may be served in any manner allowed by the law of the state where the district court is located.  South Dakota law provides that "[a] summons . . . may be served by publication . . . [w]here the person on whom the service of the summons . . . cannot, after due diligence, be found within the state and that fact appears by affidavit to the satisfaction of the court[.]"  SDCL § 15-9-7. Because there is no record evidence that a personal representative of Dr. Saloum's estate has been appointed, it is not appropriate to order service by publication pursuant to SDCL § 15-9-7. Further, if no personal representative has been appointed, service by publication would not comply with the due process standards set forth in *Mulhane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314–15 (1950). Hughbanks's motion for service by publication (Docket 146) is denied.

---

[1] Hughbanks also moves to serve by publication the heirs of Herbert Saloum and the insurance policy of Herbert Saloum. Docket 146. Because Dr. Saloum's heirs and his insurance carrier are not defendants, the court denies Hughbanks's motion seeking permission to serve these non-parties by publication.

## IV.     Motion for Joinder

Hughbanks seeks leave to join Counts, an inmate at MDSP, as a plaintiff

because "many of the conditions relate as well to him and other inmates[.]"

Docket 145 at 1. Hughbanks filed a separate pleading signed by Counts in

which Counts seeks joinder under 42 U.S.C. § 1981[2] as a plaintiff for certain

portions of Hughbanks's lawsuit. Docket 150. Hughbanks also seeks to add

additional defendants. Docket 145 at 1.

### A.     Hughbanks's Motion to Name Additional Defendants

Federal Rule of Civil Procedure 20 sets forth the circumstances in which

it is proper to join claims against multiple defendants in a lawsuit. Here,

Hughbanks seeks to name additional defendants in an action that has been

pending for a period of time. Hughbanks's motion is properly construed as a

motion under Federal Rule of Civil Procedure 15(a)(2) to amend the complaint

to name additional defendants. In his motion (Docket 145), Hughbanks

identifies the additional defendants he wants to name, but he has not provided

a proposed amended complaint including the claims he seeks to assert against

the additional defendants as required by D.S.D. Civ. LR 15.1. Because

Hughbanks has not complied with the applicable local rule regarding

amendment of pleadings, Hughbanks's motion to name additional defendants

---

[2] Section 1981 was "meant, by its broad terms, to proscribe discrimination in
the making or enforcement of contracts against, or in favor or, any race." *Gratz
v. Bollinger*, 539 U.S. 244, 276 n.23 (2003) (quoting *McDonald v. Santa Fe Trail
Transp. Co.*, 427 U.S. 273, 295–96 (1976)). Section 1981 does not provide a
procedural mechanism that permits a pro se prisoner to join another pro se
prisoner's lawsuit without complying with the Prison Litigation Reform Act and
the Federal Rules of Civil Procedure.

(Docket 145) is denied. *See Ellis v. City of Minneapolis*, 518 F. App'x 502, 504–05 (8th Cir. 2013) (per curiam) (finding no abuse of discretion in denying a pro se plaintiff's motion to amend on the grounds that the plaintiff failed to comply with a local rule requiring submission of a proposed amended complaint).

In his motion for appointment of counsel, Hughbanks requests an extension of the deadline to move to join additional parties and to amend the pleadings. Docket 147 at 2. Although the court denies Hughbanks's motion for appointment of counsel, the court grants Hughbanks's motion to extend the deadline to move to join additional parties and to amend the pleadings to permit him an opportunity to retain counsel.  Paragraph 1 of the court's Scheduling Order (Docket 142) is amended to provide that the "parties shall have until **Monday, July 17, 2023**, to move to join additional parties and to amend the pleadings."

### B.     Motions to Join Counts as a Plaintiff

Hughbanks's and Counts's motions seeking leave to add Counts as a plaintiff in this action are denied. Hughbanks does not have standing to assert a claim on behalf of Counts. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) ("A prisoner cannot bring claims on behalf of other prisoners."). Counts, who is not named as a plaintiff in the complaint (Docket 5) or the amended complaint (Docket 20), seeks to join as a plaintiff under 42 U.S.C. § 1981. Docket 150. The court construes Counts's motion as a motion to intervene. *See* Fed. R. Civ. P. 24(b)(1)(B) (providing that on timely motion the court may permit anyone to intervene who has a claim that shares a common

question of law or fact with the main action). Neither Counts nor Hughbanks have filed a proposed amended complaint setting forth Counts's claims. Because Counts is a prisoner seeking redress from officers and employees of a governmental agency, the Prison Litigation Reform Act (PLRA) requires a § 1915A screening. *See* 28 U.S.C. § 1915A. The PLRA also requires that Counts pay the full filing fee. *See Dale v. Kaemingk*, 4:15-CV-04103-RAL, 2015 WL 6823536, at *2, 2015 U.S. Dist. LEXIS 150127, at *5–6 (D.S.D. Nov. 5, 2015) (holding that § 1915(b)(1) requires every prisoner proceeding IFP to pay the full filing fee, even when prisoners have filed a joint complaint). Because Counts has not filed a complaint the court can screen or paid a filing fee, Counts's motion to join as a plaintiff in this action (Docket 150) is denied.

## V.  State Defendants' Motion for Extension of Time

The State defendants filed a motion to stay discovery pending resolution of a motion for summary judgment on qualified immunity, which they planned to file. Docket 77.  The court granted the motion to stay discovery and ordered that the State defendants file their motion for summary judgment within sixty (60) days. Docket 113 at 11. The State defendants requested an extension of this deadline (Docket 124), which the court granted. Docket 125. The court ordered that the State defendants file their motion for summary judgment on or before June 12, 2023. *Id.* The State defendants seek another extension of the deadline to file their motion for summary judgment on the grounds that Hughbanks's "parole release will render many of Hughbanks' equitable claims moot, and eliminates claims for declaratory relief." Docket 157 at 3.

State officials sued in their individual capacities for monetary damages under § 1983 may be entitled to qualified immunity as a defense. *Hunter v. South Dakota Dep't of Social Servs.*, 377 F. Supp. 3d 964, 980-81 (D.S.D. 2019). In this case, Hughbanks also seeks prospective injunctive relief from state officials sued in their official capacities, and "[q]ualified immunity does not apply to a claim for injunctive relief[.]" *Hamner v. Burls*, 937 F.3d 1171, 1175 (8th Cir. 2019). The State defendants argue that extending the deadline to file their motion for summary judgment is "in the interest of judicial efficiency and economy" and "will prevent the need for supplemental filings and briefs" if Hughbanks's parole renders some of his claims moot. Docket 157 at 4. Because the State defendants are not entitled to assert qualified immunity as a defense to Hughbanks's claims for injunctive relief and because the court granted the State defendants' motion to stay discovery more than four months ago, it is not in the interests of judicial efficiency and economy to delay further resolution of the qualified immunity issue. If the State defendants intend to file a motion for summary judgment asserting qualified immunity as a defense, they must do so within thirty (30) days of the date of this Order. If the State defendants do not file a motion for summary judgment within thirty (30) days of the date of this Order, the stay of discovery from the State defendants (Docket 113) is lifted.

Thus, it is ORDERED:

1.   That Hughbanks's motion for appointment of counsel (Docket 147) is denied at this time.

12

2. That Hughbanks's motion for appointment of a special master (Docket 148) is denied.

3. That Hughbanks's motion for service by publication (Docket 146) is denied.

4. That Hughbanks's motion to join parties (Docket 145) is denied.

5. That Hughbanks's motion to extend the deadline to move to join additional parties and to amend the pleadings is granted. Paragraph 1 of the court's Scheduling Order (Docket 142) is amended to provide that the "parties shall have until **Monday, July 17, 2023**, to move to join additional parties and to amend the pleadings."

6. That Counts's motion to join as a plaintiff (Docket 150) is denied.

7. That the State defendants' motion to extend deadlines (Docket 157) is granted. The State Defendants must file a motion for summary judgment on their qualified immunity defense no later than thirty (30) days after entry of this Order. If the State Defendants fail to file a motion for summary judgment within 30 days, the stay of discovery for the State is lifted.

Dated June 20, 2023.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE

13