UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| KEVIN LEE HUGHBANKS,<br><br>Plaintiff,<br><br>vs.<br><br>BRENT FLUKE, Warden, Mike Durfee State Prison, in his individual and official capacity; REBECCA SCHIEFFER, Associate Warden of Operations and Administrative Remedy Coordinator, Mike Durfee State Prison, in her individual and official capacity; ALEJANDRO REYES, Associate Warden of Programs and Americans with Disabilities Act Coordinator, Mike Durfee State Prison, in his individual and official capacity; LAINE SCHRYVERS, Former Ludeman and West Crawford Unit Manager, Mike Durfee State Prison, in their individual capacity; TAMMY DOYLE, Barracks Unit Manager, Mike Durfee State Prison, in her individual and official capacity; SECRETARY SOUTH DAKOTA DEPARTMENT OF HEALTH, Cabinet Secretary, in their individual capacity; DIRECTOR CORRECTIONAL HEALTH SERVICES, Director, All SD DOC Locations, in their individual capacity; MELISSA MAGSTADT, in her official capacity; CHS JANE DOE, Nurse, Mike Durfee State Prison, in her individual and official capacity; MARY CARPENTER, Medical Director, All SD DOC locations, in her individual and official capacity; STEPHANIE HAMILTON, Nurse, Mike Durfee State Prison, in her individual and official | 4:21-CV-04167-KES<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL AND EXTENDING THE TIME FOR PLAINTIFF TO RESPOND TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MOTION TO DISMISS |

capacity; MIKE LEIDHOLT, Former Secretary of Corrections, All SD DOC Locations, in his individual capacity; TIM REISCH, Former Interim Secretary of Corrections, All SD DOC Locations, in his individual capacity; CHS JANE DOE, Nurse, South Dakota State Penitentiary, in her individual and official capacity; SAM BADURE, Unit Manager and SDSP Prison Rape Elimination Act Coordinator, South Dakota State Penitentiary, in his individual and official capacity; CODY HANSON, Former Case Manager and Current Unit Manager, South Dakota State Penitentiary, in his individual and official capacity; MELISSA MATURAN, SDSP Administrative Remedy Coordinator, South Dakota State Penitentiary, in her individual and official capacity; TAMMY TOP, Former Physician's Assistant, South Dakota State Penitentiary, in her individual and official capacity; JESSICA SCHRUER, South Dakota State Penitentiary, in her individual and official capacity; PERSONAL REPRESENTATIVE OF THE ESTATE OF DR. HERBERT SALOUM, deceased; DARIN YOUNG, Former Chief Warden and Director of Operations, South Dakota State Penitentiary, in his individual capacity; JENNIFER DREISKE, Former Deputy Warden, South Dakota State Penitentiary, in her individual capacity; CHARISSA WAREMBOURG, Mailroom Officer, Mike Durfee State Prison, in her individual and official capacity; THOMAS GILCHRIST, Sex Offender Management Program Counselor/Therapist, Mike Durfee State Prison, in his individual and official capacity; BRENNA CARLSON, Sex Offender Management Program Director, All SD DOC Facilities, in her individual and official

capacity; MARK STOEBNER, Former Sex Offender Management Program Counselor/Therapist, Mike Durfee State Prison, in his individual and official capacity; JAMES HENRY, Corporal and Supervisor of Laundry, Mike Durfee State Prison, in his individual and official capacity; GLOBAL TEL LINK CORPORATION n/k/a VIAPATH TECHNOLOGIES, All South Dakota Department of Corrections Facilities, in its individual and official capacity; SUMMIT FOOD SERVICE, LLC, Mike Durfee State Prison, in its individual and official capacity; UNKNOWN CORRECTIONAL HEALTH SERVICES EMPLOYEES, Unknown Positions, Mike Durfee State Prison, in their individual and official capacities; SOMP JOHN DOE, Unknown Contractor for Sex Offender Management Program, Mike Durfee State Prison, in his individual and official capacity; TIFFANY VOIGT, Unit Coordinator, Mike Durfee State Prison, in her individual and official capacity; DOUG CLARK, Deputy Secretary of Corrections, Former Interim Secretary of Corrections and Former Executive Director of South Dakota Board of Pardons and Paroles, in his individual and official capacity; TERESA BITTINGER, Warden of the South Dakota State Penitentiary, in her official capacity; KELLIE WASKO, Cabinet Secretary South Dakota Department of Corrections, All SD DOC Locations, in their official capacity; GORDON SWANSON, Parole Board Member, All SD DOC Facilities, in his individual and official capacity; KENNETH ALBERS, Parole Board Member and Former Sheriff, All SD DOC Facilities, in his individual and official capacity; MARK SMITH, Parole Board Member, All SD DOC Facilities,

| | |
|---|---|
| in his individual and official capacity; MYRON RAU, Parole Board Member, All SD DOC Facilities, in his individual and official capacity; PAIGE WILBUR BOCK, Parole Board Member, All SD DOC Facilities, in her individual and official capacity; DAVE NELSON, Parole Board Member and Former Prosecutor, All SD DOC Facilities, in his individual and official capacity; KEVIN KRULL, Parole Board Member, All SD DOC Facilities, in his individual and official capacity; ANNE HAJEK, Parole Board Member, All SD DOC Facilities, in her individual and official capacity; ED LIGTENBERG, Parole Board Member and Former Executive Director of South Dakota Board of Pardons and Paroles, All SD DOC Facilities, in his individual and official capacity; GREGG GASS, Parole Board Member, All SD DOC Facilities, in his individual and official capacity; JODY JESSEN, Correctional Officer, Mike Durfee State Prison, in his/her individual and official capacity; ED LOEWE, Lieutenant of Special Investigative Unit, Mike Durfee State Prison, in his individual and official capacity; KIM HALVERSON, Summit Food Service, LLC, Director at Mike Durfee State Prison, in their individual and official capacity; and JARROD ANDERSON, Former Summit Food Service, LLC, Director at Mike Durfee State Prison, in his individual capacity,<br><br>            Defendants. | |

Plaintiff, Kevin Lee Hughbanks, filed a pro se lawsuit under 42 U.S.C. § 1983. Dockets 5, 20. Hughbanks alleges that his conditions of confinement at Mike Durfee State Prison (MDSP) violated his constitutional rights. Dockets 5,

20. Hughbanks is on parole and residing at the Glory House. Docket 151. Hughbanks moves for appointment of counsel to assist him in responding to the defendants' motion for summary judgment, amending the complaint, and conducting discovery. Docket 190 at 3. While he was in custody at MDSP, Hughbanks moved for appointment of counsel, *see* Dockets 41, 65, which the court denied because it appeared that Hughbanks could adequately present his claims at the time. Docket 114 at 14. Shortly before he was paroled, Hughbanks filed another motion for appointment of counsel. Docket 147. Hughbanks contended that he would not be able to conduct legal research because he cannot use the internet for any reason while on parole and that he will not have time to litigate the case because the terms of his parole require that he work and attend parole meetings and treatment. *Id.* at 2. The court denied this motion for appointment of counsel. Docket 166 at 6–7. For the reasons set forth below, Hughbanks's recent motion for appointment of counsel (Docket 190) is denied, but his motion for extension of time to respond is granted.

## DISCUSSION

"A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). The court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). When determining whether to appoint counsel to a pro se litigant, the court considers the "factual complexity of the case, the ability of the indigent to investigate the facts, the existence of

conflicting testimony, the ability of the indigent to present his claim and the complexity of the legal issues." *Abdullah v. Gunter*, 949 F.2d 1032, 1035 (8th Cir. 1991) (citation omitted). As the court has previously recognized, Hughbanks has asserted numerous claims against various defendants, but his claims do not appear to be factually or legally complex. To date, his filings have clearly set forth his claims.

Hughbanks argues that the affidavits defendants submitted in support of their motion for summary judgment contain "perjury" and that defendants' statement of undisputed material facts are "lies." Docket 190 at 2–3. It is not necessary to appoint counsel to assist Hughbanks in identifying the material facts in dispute with appropriate citations to the record. A copy of the District of South Dakota's Civil Local Rule of Practice 56.1 is attached to this order as a reference for Hughbanks when responding to defendants' motion for summary judgment.

Hughbanks also argues that he has limited time to go to a law library to research. Hughbanks's legal claims are not novel or complex. Further, the court's screening order outlines the essential elements of Hughbanks's claims. *See* Docket 11. As Hughbanks notes, *see* Docket 190 at 3, defendants' summary judgment submissions are voluminous, and he seeks an extension of time to respond to defendants' motion for summary judgment. In this case, the court finds that granting Hughbanks's request for an extension of time to respond to defendants' motion for summary judgment will adequately address his concerns about the time constraints posed by the conditions of his parole.

Hughbanks's motion for appointment of counsel is denied at this stage of the proceedings, but his request for an extension of time to respond to defendants' motion for summary judgment is granted. Hughbanks must respond to defendants' motion for summary judgment (Docket 171) and statement of undisputed material facts (Docket 182) no later than **September 8, 2023.** Hughbanks must respond to defendants' motion to dismiss the personal representative of the estate of Dr. Saloum (Docket 187) no later than **September 13, 2023**.

Thus, it is ORDERED:

1. That Hughbanks's motion for appointment of counsel (Docket 190) is denied.

2. That Hughbanks's motion for extension of time (Docket 190) is granted. Hughbanks must respond to defendants' motion for summary judgment (Docket 171) and statement of undisputed material facts (Docket 182) no later than **September 8, 2023.** Hughbanks must respond to defendants' motion to dismiss the personal representative of the estate of Dr. Saloum (Docket 187) no later than **September 13, 2023**.

Dated August 7, 2023.

                              BY THE COURT:

                              /s/ *Karen E. Schreier*
                              KAREN E. SCHREIER
                              UNITED STATES DISTRICT JUDGE